1  Brent R. Phillips (SBN 235753)
   Ronald A. Gorrie (SBN 180477)
2  PHILLIPS LAW CORPORATION
   801 Parkcenter Drive, Suite 105
3  Santa Ana, CA 92705
   Tel: (714) 573-4087
4  Fax: (714) 586-5499
   E-mail: bphillips@phillipslawcorporation.com
5
   Attorneys for Defendant VERCY L.L.C.
6

7

8                  **UNITED STATES DISTRICT COURT**

9                 **CENTRAL DISTRICT OF CALIFORNIA**

10

11  SHANE SCOFIELD, individually and on        Case No.: 8:22-cv-01376
    behalf of all other similarly situated,

12                                             **NOTICE OF FILING OF MOTION TO**
                  Plaintiff,                   **TRANSFER AND CONSOLIDATE**
13                                             **PENDING ACTIONS BY DEFENDANT**
                                               **VERCY, L.L.C.**
14        v.

15

16  VERCY L.L.C., a California limited liability
    company, and JOHN DOE, an unknown          Judge:          Hon. David O. Carter
17  business entity,                            Courtroom:      8A
                                               Complaint Filed: July 26, 2022
18                                             Trial Date:     None
                  Defendants.
19

20

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

                                   - 1 -

*(Left margin, vertical text:)* PHILLIPS LAW CORPORATION
801 PARKCENTER DRIVE, SUITE 105
SANTA ANA, CA 92705

1    Defendant VERCY, L.L.C. ("Vercy"), by and through undersigned counsel, hereby

2  notifies the Court that in accordance with Rule 6.2(a) of the Rules of Procedure for the United

3  States Judicial Panel on Multidistrict Litigation, Vercy has filed a Motion to Transfer and

4  Consolidate this action for pretrial purposes in the United States Judicial Panel on Multidistrict

5  Litigation pursuant to 28 U.S.C. § 1407(c)(ii).   A copy of the motion, the documents

6  concurrently filed therewith are attached to this Notice as Exhibit "A".

7

8                                              PHILLIPS LAW CORPORATION

9

10  DATED: August 8, 2022                   By: _Brent R. Phillips_

11                                              BRENT R. PHILLIPS
                                              Attorneys for Defendant VERCY, L.L.C.
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PHILLIPS LAW CORPORATION
801 PARKCENTER DRIVE, SUITE 105
SANTA ANA, CA 92705

- 2 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PHILLIPS LAW CORPORATION
801 PARKCENTER DRIVE, SUITE 105
SANTA ANA, CA 92705

**CERTIFICATE OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is PHILLIPS LAW CORPORATION, 801 Parkcenter Drive, Suite 801, Santa Ana, California 92705.

On August 8, 2022, I served by electronic service through the United States District Court for the Northern District of California's CM/ECF electronic filing system to the following parties:

| Mark L. Javitch, Esq.<br>JAVITCH LAW OFFICE<br>480 S. Ellsworth Avenue<br>San Mateo, CA 94401<br>Tel: (650) 781-8000<br>Fax: (650) 648-0705<br>E-mail: mark@javitchlawoffice.com | **Attorneys for Plaintiff SHANE SCOFIELD individually and on behalf of all other similarly situated** |
|---|---|

the following document(s) listed below:

**NOTICE OF FILING OF MOTION TO TRANSFER AND CONSOLIDATE PENDING ACTIONS BY DEFENDANT VERCY, L.L.C.**

☐ [State] I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ [Federal] I declare that I am employed in the office of a member of the bar of this Court at which direction the service was made.

Executed on August 8, 2022, at Santa Ana, California.



Brent R. Phillips

**NOTICE OF FILING OF MOTION TO TRANSFER AND CONSOLIDATE PENDING ACTIONS BY DEFENDANT VERCY, L.L.C.**

# EXHIBIT A

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Brent R. Phillips (SBN 235753)
Ronald A. Gorrie (SBN 180477)
PHILLIPS LAW CORPORATION
801 Parkcenter Drive, Suite 105
Santa Ana, CA 92705
Tel: (714) 573-4087
Fax: (714) 586-5499
E-mail: bphillips@phillipslawcorporation.com

Attorneys for Defendant VERCY L.L.C.

**BEFORE THE UNITED STATES JUDICIAL PANEL**

**ON MULTIDISTRICT LITIGATION**

|  |  |
|---|---|
| **IN RE VERCY, L.C.C. TELEPHONE CONSUMER PROTECTION ACT LITIGATION** | **MDL Case No.:**<br><br>**VERCY, L.L.C.'S NOTICE OF MOTION AND MOTION TO TRANSFER AND CONSOLIDATE FOR PRETRIAL PROCEEDINGS** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT pursuant to 28 U.S.C. § 1407(c)(ii), VERCY, L.C.C. ("Vercy") moves to transfer and consolidate to the United States District Court for the Central District of California, Southern Division the four (4) cases listed in the Schedule of Actions (collectively the "Pending Actions") filed herewith. This Motion is made on the grounds that the Pending Actions involve common questions of fact and transfer and consolidation will serve the convenience of the parties and witnesses and will promote the just and efficient conduct of the cases on the following grounds:

PHILLIPS LAW CORPORATION
801 PARKCENTER DRIVE, SUITE 105
SANTA ANA, CA 92705

PHILLIPS LAW CORPORATION
801 PARKCENTER DRIVE, SUITE 105
SANTA ANA, CA 92705

- The Pending Actions involve common questions of fact on the grounds that each of the Pending Actions is virtually identical.[1]  There are multiple common questions of fact. This is because the only causes of actions alleged in the Pending Actions are for or based on violations of the Telephone Consumer Protection Act (the "TCPA"), § 47 U.S.C. 227 and are based identical factual allegations.

- Transfer and consolidation under Section 1407 of the Pending Actions serves the convenience of the parties and witnesses in that it will facilitate the efficient conduct of common discovery and eliminate duplicative discovery, prevent inconsistent pretrial discovery rulings and conserve the resources of the parties, their counsel and the judiciary during the discovery process.

- Transfer and consolidation under Section 1407 of the Pending Actions to the Southern Division for the Central District of California serves the convenience of the parties and witnesses on the grounds that the underlying claims arose, the location of documents, the majority of the witnesses relevant to the underlying claims are located in the Southern Division for the Central District, and two of the four Pending Actions are pending in the Southern Division.

- Three (3) the Pending Actions are class action cases.  Transfer and consolidation under Section 1407 of the Pending Actions to the Southern Division for the Central District will promote the just and efficient conduct of the Pending Actions due to the risk of conflicting and inconsistent class determinations under Rule 23 by courts in different jurisdictions as well as inconsistent or conflicting rulings on dispositive motions.  The Judicial Panel has stated on multiple occasions that class action cases under Federal Rule 23 present highly persuasive if not compelling cases for transfer and consolidation under Section 1407 due to the risk of inconsistent class determinations by different courts.

///

---

[1]Three (3) of the Pending Actions are class action cases.  The complaints filed in the class action cases are almost identical and drafted from what appears to be a common form pleading.

VERCY, L.L.C.'S NOTICE OF MOTION AND MOTION TO TRANSFER AND
CONSOLIDATE FOR PRETRIAL PROCEEDINGS

This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, and Schedule of Actions filed herewith, all documents on file with the Court, and such other argument that may be presented at a hearing on this Motion.

PHILLIPS LAW CORPORATION

DATED: August 8, 2022

By: *Brent R. Phillips*

BRENT R. PHILLIPS
801 Parkcenter Drive, Suite 105
Santa Ana, CA 92705
Tel: (714) 573-4087
Fax: (714) 586-5499
E-mail: bphillips@phillipslawcorporation.com

Attorneys for Defendant
VERCY, LLC

VERCY, L.L.C.'S NOTICE OF MOTION AND MOTION TO TRANSFER AND
CONSOLIDATE FOR PRETRIAL PROCEEDINGS

PHILLIPS LAW CORPORATION
801 PARKCENTER DRIVE, SUITE 105
SANTA ANA, CA 92705

1  Brent R. Phillips (SBN 235753)
   Ronald A. Gorrie (SBN 180477)
2  PHILLIPS LAW CORPORATION
   801 Parkcenter Drive, Suite 105
3  Santa Ana, CA 92705
   Tel: (714) 573-4087
4  Fax: (714) 586-5499
   E-mail: bphillips@phillipslawcorporation.com
5
6  Attorneys for Defendant VERCY L.L.C.
7

8           BEFORE THE UNITED STATES JUDICIAL PANEL

9               ON MULTIDISTRICT LITIGATION

10
                                          | MDL Case No.:
11
12                                        | MEMORANDUM OF POINTS AND
                                          | AUTHORITIES IN SUPPORT OF VERCY,
13 IN RE VERCY, L.C.C. TELEPHONE          | L.L.C.'S MOTION TO TRANSFER AND
   CONSUMER PROTECTION ACT                | CONSOLIDATE FOR PRETRIAL
14 LITIGATION                             | PROCEEDINGS
15
16
17
18
19
20
                         I.
21
             INTRODUCTION / SUMMARY OF ARGUMENT
22
23        Pursuant to 28 U.S.C. § 1407, VERCY, L.L.C. ("Vercy") moves to transfer and

24 consolidate to the Federal District Court for the Central District of California, Southern Division

25 four cases (the "Pending Actions"). Three of the cases are class action cases. Section 1407

26 provides for the transfer and consolidation of pending civil actions for pretrial proceedings to

27 Multidistrict Litigation proceedings when (1) there is one or more common questions of fact

28 between civil actions pending in different districts; (2) the transfer will be for the convenience of

the parties and witnesses; and, (3) the transfer will promote the just and efficient conduct of the actions to be consolidated.

First, there are multiple common questions of fact between the Pending Actions. As reflected in the complaints attached as exhibits, each of the Pending Actions is virtually identical. The only causes of action alleged are for or based on alleged violations of Telephone Consumer Protection Act (the "TCPA"), § 47 U.S.C. 227 and are based on almost the same factual allegations.

Second, transfer and consolidation under Section 1407 of the Pending Actions serves the convenience of the parties and witnesses in that it will facilitate the efficient conduct of common discovery. The discovery in the Pending Actions will be identical because each of the Pending Actions alleges the same causes of action for violations of the TCPA based on the same factual allegations. Transfer and consolidation will eliminate duplicative discovery, prevent inconsistent pretrial discovery rulings and conserve the resources of the parties, their counsel and the judiciary during the discovery process.

Third, transfer and consolidation to the Southern Division for the Central District of California serves the convenience of the parties and witnesses on the grounds that the underlying claims arose, the location of documents, the majority of the witnesses relevant to the underlying claims are located in the Southern Division, and two of the four Pending Actions are pending in the Southern Division.

Fourth, transfer and consolidation will promote the just and efficient conduct of the Pending Actions due to the high risk of conflicting and inconsistent rulings by multiple courts on the same issues. To begin with, three of the cases are class action cases. There is the risk of conflicting and inconsistent class determinations under Rule 23 by courts in different jurisdictions. The Judicial Panel has stated on multiple occasions that class action cases under Federal Rule 23 present highly persuasive if not compelling cases for transfer and consolidation under Section 1407 due to the risk of inconsistent class determinations by different courts. Moreover, the outcome of the parties' dispositive motions should be consistent in that the facts and law upon which the Pending Actions are based are identical. There is the risk of inconsistent

PHILLIPS LAW CORPORATION
801 PARKCENTER DRIVE, SUITE 105
SANTA ANA, CA 92705

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF VERCY, L.L.C.'S MOTION TO TRANSFER AND CONSOLIDATE FOR PRETRIAL PROCEEDINGS**

and conflicting rules on dispositive motions based on the same facts and law were the Pending Actions to proceed for pretrial purposes separately.

Because the Pending Actions involve common questions of fact and transfer and consolidation will serve the convenience of the parties and witness and promote the just and efficient conduct of the Pending Actions, Vercy's Motion to Transfer and Consolidate the Pending Actions to the Southern Division of the Federal District Court for the Central District of California should be GRANTED.

## II.

## FACTUAL BACKGROUND

### A.    Vercy's Services

Vercy is a tax relief service with its offices located in Orange County, California.  Vercy represents taxpayers with tax debts to negotiate with the United States Internal Revenue Service (the "IRS") their tax debt and qualify for one of the tax relief programs offered by the IRS. Vercy uses the Internet, direct mail, and telemarketing to solicit clients for its tax relief services.

### B.    The Pending Actions

Between February 25, 2022 and June 29, 2022, the Pending Actions were filed against Vercy.  The only causes of action alleged in the Pending Actions are for or based on alleged violations of the Telephone Consumer Protection Act (the "TCPA"), § 47 U.S.C. 227.  Three of the Pending Actions are class action lawsuits.  The Pending Actions include two cases in the Central District of California, one case in the Eastern District of Arkansas, and one case in the Western District of Texas.

The TCPA regulates and places restrictions on telemarketing business solicitations.  The complaints allege virtually identical allegations that Vercy violated that TCPA by (1) Using an automatic telephone dialing system to initiate a call to plaintiff's cellular phone; (2) Called plaintiff when plaintiff's phone number was on the National "Do-Not-Call" ("DNC") Registry maintained by the Federal Trade Commission; (3) Initiated a telephone call to plaintiff using an artificial or prerecorded voice to deliver a message; (4) Vercy did not have plaintiff's prior written consent to make the call or have an established business relationship with plaintiff; and,

PHILLIPS LAW CORPORATION
801 PARKCENTER DRIVE, SUITE 105
SANTA ANA, CA 92705

- 3 -

(5) Vercy's violations of the TCPA were knowing and willful.[1]

**III.**

**ARGUMENT AND AUTHORIES.**

**A.**     **Standard For Consolidation And Transfer**

      28 U.S.C. § 1407 provides for the transfer and consolidation of pending civil actions for pretrial proceedings to Multidistrict Litigation proceedings when (1) there is one or more common questions of fact between civil actions pending in different districts; (2) the transfer will be for the convenience of the parties and witnesses; and, (3) the transfer will promote the just and efficient conduct of the actions to be consolidated. 28 U.S.C.A. § 1407(a) (West 2022); *see also In re Asbestos Prod. Liability. Litig. (No. VI)*, 771 F. Supp. 415 (J.P.M.L. 1991); *In re Griseofulvin Antitrust Litig.*, 395 F. Supp. 1402, 1403 (J.P.M.L. 1975).

      **1.**     **The Pending Actions Raise The Exact Same Questions Of Fact**

      Each of the cases filed against Vercy is virtually identical.[2] Each of the complaints alleges one or more causes of action for violations of the TCPA or causes of action where the underlying facts and liability are based on a violation of the TCPA. The cases raise the exact same questions of fact of whether Vercy violated the TCPA when it allegedly called plaintiffs. These questions of fact include: (1) Whether Vercy used an automatic telephone dialing system to initiate a call to plaintiffs' cellular phone; (2) Whether Vercy called plaintiffs when their phone numbers were on the DNC Registry; (3) Whether Vercy knew that plaintiffs' phone numbers were listed on the DNC; (4) Whether Vercy initiated a telephone call to plaintiffs using an artificial or prerecorded voice to deliver a message; (5) Whether or not Vercy had plaintiffs' prior written consent to make the calls or had an established business relationship with plaintiffs;

---

[1] In *Shane Scofield v. Vercy, L.L.C.*, California Central District case number 8:22-cv-01376, plaintiff alleges a cause of action based on a violation of the California Business & Professions Code § 17200. In *Erik Salaiz v. Vercy, L.L.C., et al.*, Western Texas District case number 3:22-cv-00224, plaintiff alleges a cause of action based on a violation of the Texas Business & Commerce Code § 305.053. In both cases, plaintiffs' state law causes of action are not based on facts or legal theories separate from the alleged TCPA violations. The causes of action are entirely based on alleged violations of the TCPA.

[2] Counsel for the class action cases appear to have filed almost identical complaints.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF VERCY, L.L.C.'S MOTION TO TRANSFER AND CONSOLIDATE FOR PRETRIAL PROCEEDINGS**

PHILLIPS LAW CORPORATION
801 PARKCENTER DRIVE, SUITE 105
SANTA ANA, CA 92705

and, (6) Whether Vercy's alleged violations of the TCPA were knowing and willful.[3]

2.    **Transfer And Consolidation Of The Pending Actions In The United States District Court For The Central District Of California Will Serve The Convenience Of The Parties And Witnesses**

a.    **Transfer And Consolidation Will Serve The Convenience Of The Parties And Witnesses By Facilitating The Efficient Conduct of Discovery**

The primary factor when determining if transfer and consolidation under Section 1407 will be for the convenience of the parties and witnesses is whether transfer and consolidation is necessary to facilitate the efficient conduct of common discovery. *In re Mirena IUS Levonorgestrel-Related Prod. Liab. Litig. (No. II)*, 249 F.Supp.3d 1357, 1360 (J.P.L.M. 2017); *In re: Wright Medical Tech. Inc. v. Conserve Hip Implant Products Liability Litig.*, 844 F.Supp.2d 1371, 1372 (J.P.L.M. 2012) (noting that transfer is warranted where centralization of discovery will eliminate duplicative discovery, prevent inconsistent pretrial rulings on discovery); *In re Tri-State Water Rights. Litig.,* 481 F.Supp.2d 1351, 1352 (J.P.M.L. 2007).  The Judicial Panel has consistently emphasized the need for centralization to eliminate duplicative discovery, prevent inconsistent pretrial discovery rulings in order to conserve the resources of the parties, their counsel and the judiciary.  *In re: TLI Commc'ns LLC Pat. Litig*., 26 F.Supp.3d 1396, 1397 (J.P.M.L. 2014); *In re: £Maxim Integrated Prod., Inc., Pat. Litig.,* 867 F.Supp.2d 1333, 1334-35 (J.P.M.L. 2012).

Here, there is no question that transfer and consolidation under Section 1407 of the Pending Actions will facilitate the efficient conduct of common discovery.  The Pending Actions share common issues of fact regarding Vercy's alleged telephone solicitation and will involve the exact same factual discovery.  The exact same documents will be produced in each of the

PHILLIPS LAW CORPORATION
801 PARKCENTER DRIVE, SUITE 105
SANTA ANA, CA 92705

---

[3]In *Shane Scofield v. Vercy, L.L.C.*, California Central District case number 8:22-cv-01376, plaintiff alleges a cause of action based on a violation of the California Business & Professions Code § 17200. In *Erik Salaiz v. Vercy, L.L.C., et al.*, Western Texas District case number 3:22-cv-00224, plaintiff alleges a cause of action based on a violation of the Texas Business & Commerce Code § 305.053.  In both cases, plaintiffs' state law causes of action are not based on facts or legal theories separate from the alleged TCPA violations.  The causes of action are entirely based on alleged violations of the TCPA.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF VERCY, L.L.C.'S MOTION TO TRANSFER AND CONSOLIDATE FOR PRETRIAL PROCEEDINGS**

Pending Actions.  The exact same witnesses will be deposed in each of the Pending Actions.  The exact same interrogatories will be propounded in each of the Pending Actions.  The transfer and consolidation of the Pending Actions will eliminate duplicative discovery.  It will also prevent inconsistent pretrial rulings on discovery and conserve the resources of the parties, their counsel and the judiciary.

> **2.** **Transfer And Consolidation Serves The Convenience Of The Parties And Witnesses Because The Relevant Documents And Witnesses Are Located In The Central District Of California**

The Judicial Panel considers where the underlying claims arose, the location of documents and the majority of the witnesses relevant to the underlying claims are located to determine if pending cases should be consolidated and transferred to a particular federal district court. *In re Equity Funding Corp. of America Securities Litig.*, 375 F.Supp. 1378, 1387 (J.P.M.L. 1973).  Transfer and consolidation under Section 1407 to the district where the claims arose, and relevant documents and witnesses are located best serves the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.  *Id.*

Here, the Pending Actions should be consolidated and transferred to the Southern Division for the Central District of California for the convenience of the parties and witnesses and promote the just and efficient conduct of the ligation for multiple reasons.  First, two of the class actions are pending in the Southern Division for the Central District.  Second, Vercy is a California limited liability company with its offices in the Southern Division.  Third, Vercy's employees and other witnesses reside in the Southern Division for the Central District.  Fourth, all of the documents to be produced by Vercy and reviewed by counsel are located in the Southern Division Central District.  Moreover, transfer and consolidation in the Southern Division for the California Central District imposes no burden on plaintiffs because "a Section 1407 transfer is for pretrial proceedings only, there is usually no need for the parties and witnesses to travel to the transferee district for depositions or otherwise."  *In re Bristol Bay, Alaska, Salmon Fishery Antitrust Litig.*, 424 F.Supp. 504, 506 (J.P.M.L. 1976).

///

PHILLIPS LAW CORPORATION
801 PARKCENTER DRIVE, SUITE 105
SANTA ANA, CA 92705

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF VERCY, L.L.C.'S MOTION TO TRANSFER AND CONSOLIDATE FOR PRETRIAL PROCEEDINGS**

3.     **Transfer And Consolidation Will Promote The Just And Efficient Conduct Of The Pending Actions Due To The Risk Of Conflicting And Inconsistent Ruling By Multiple Courts**

The Judicial Panel has consistently found that transfer and consolidation under Section 1407 will promote the just and efficient conduct of related actions where there is a risk of conflicting and inconsistent ruling by multiple courts on the same issue. *In re Butterfield Pat. Infringement*, 328 F.Supp. 513, 514–515 (J.P.M.L. 1970); *In re Fourth Class Postage Reguls.*, 298 F Supp. 1326, 1327 (J.P.M.L. 1969); *In re Concrete Pipe*, 302 F. Supp. 244, 255–56 (J.P.M.L. 1969). This consideration has been recognized as a basis for ordering cases to be transferred under 28 U.S.C. § 1404(a) to avoid the risk of injury to the parties by consistent judicial treatment. *In re Butterfield*, 328 F.Supp. at 514–515; *In re Fourth Class Postage*, 298 F Supp. at 1327.

a.     **Congress And The Judicial Panel Have Indicated That Class Action Cases As Appropriate And Necessary For Transfer Due To The Risk Of Inconsistent And Conflicting Class Determinations**

Congress when enacting 28 U.S.C. § 1407 identified class action cases as those cases particularly appropriate for transfer and consolidation for Multidistrict Litigation proceedings. *In re Plumbing Fixture Cases*, 298 F.Supp. 484, 493 (J.P.M.L. 1968). The Judicial Panel has consistently recognized that transfer of class actions under Section 1407 is appropriate and necessary due to likelihood of conflicting and inconsistent class determinations under Rule 23 by courts in different jurisdictions. *In re First Nat. Bank, Oklahoma (First Mortgage Revenue Bonds) Securities Litig.*, 451 F.Supp. 995, 997 (J.P.M.L. 1978); *In re Piper Aircraft Distribution Sys. Antitrust Litig.*, 405 F.Supp. 1402, 1403–04 (J.P.M.L. 1975); *In re Natural Resources Fund, Inc. Securities Litig.*, 372 F.Supp. 1403, 1404 (J.P.M.L. 1974); *In re Equity Funding Corp. of America Securities Litig.*, 375 F.Supp. 1378, 1385-86 (J.P.M.L. 1973). As stated by the Judicial Panel on multiple occasions, class action cases under Federal Rule 23 present highly persuasive if not compelling cases for transfer and consolidation under Section 1407 due to the risk of inconsistent class determinations by different courts. *In re Natural Resources Fund*, 372 F.Supp.

PHILLIPS LAW CORPORATION
801 PARKCENTER DRIVE, SUITE 105
SANTA ANA, CA 92705

1    at 1404 (holding that the presence Rule 23 class allegations presents "highly persuasive in not

2    compelling reason[s] for transfer of all actions to a single judge."); *In re Equity Funding Corp.*,

3    375 F.Supp. at 1385-86 (holding that the transfer and consolidation of class action cases is

4    appropriate if not necessary due to the possibility of conflicting and inconsistent class

5    determinations).

6         Three (3) of the Pending Actions contain Rule 23 class allegations based upon various

7    violations of the TCPA. The potential for inconsistent and/or conflicting class determinations is

8    ready apparent.  These conflicts include conflicting or inconsistent rulings on class issues, or

9    defenses, the class claims, scope of the class, whether there is one or multiple classes, the parties

10   in the class, and the class allegations. The transferee judge, with all of the claims and parties

11   before the court, will have a clear picture of the scope and complexity of the litigation, essential

12   to making the class determinations.  Because of the potential if not likely conflict of class

13   determinations by multiple courts, the Pending Actions should be transferred and consolidated to

14   a single judge with the sole responsibility from making class determinations.

15        **b.    There Is a Risk Of Inconsistent And/Or Conflicting Rulings On**
          **Motions For Summary Judgment**

16

17        It is well-settled that "pretrial proceedings" for cases transferred and consolidated under

18   Section 1407 encompass ruling on motions for summary judgment.  *In re Butterfield Pat.*

19   *Infringement*, 328 F.Supp. 513, 514–515 (J.P.M.L. 1970); David F. Herr, MULTIDISTRICT

20   LITIGATION MANUAL § 9:20 n4 (2014) (citing cases).  The Judicial Panel has recognized that risk

21   of inconsistent rulings on summary judgment motions by multiple courts is a compelling factor

22   in favor of transfer and consolidation.  *In re Butterfield*, 328 F.Supp. at 514.

23        Vercy intends to move for summary judgment or partial summary judgment on plaintiffs'

24   causes of action for violations of the TCPA.  Plaintiffs may also move for summary judgment or

25   partial summary judgment on their claims or one or more of the defenses raised by Vercy.  The

26   outcome of the parties' motions should be consistent given that all the Pending Actions are based

27   on alleged violations of the TCPA based on virtually identical factual allegations.  The outcome

28   may not be consistent in that the various courts before which the Pending Actions are pending

PHILLIPS LAW CORPORATION
801 PARKCENTER DRIVE, SUITE 105
SANTA ANA, CA 92705

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF VERCY, L.L.C.'S MOTION TO**
**TRANSFER AND CONSOLIDATE FOR PRETRIAL PROCEEDINGS**

may reach different results or make different factual rulings based on the same facts and law.  If the Pending Actions are transferred, the result on any the parties' summary judgment motions would be the same for all parties and thus transfer is an appropriate means of avoiding injury to like parties caused by inconsistent judicial treatment of summary judgment motions on the same issues by multiple courts.  *In re Butterfield*, 328 F.Supp. at 514.

**IV.**

**CONCLUSION**

For the foregoing reasons, Vercy respectfully requests that the Judicial Panel grant Vercy's Motion to Transfer and Consolidate for Pretrial and transfer and consolidate the Pending Actions listed on the Schedule of Actions filed herewith to the Southern Division for the United States District Court for the Central District of California.

PHILLIPS LAW CORPORATION

DATED: August 8, 2022

By: *Brent R. Phillips*

BRENT R. PHILLIPS
801 Parkcenter Drive, Suite 105
Santa Ana, CA 92705
Tel: (714) 573-4087
Fax: (714) 586-5499
E-mail: bphillips@phillipslawcorporation.com

Attorneys for Defendant
VERCY, LLC

PHILLIPS LAW CORPORATION
801 PARKCENTER DRIVE, SUITE 105
SANTA ANA, CA 92705



Brent R. Phillips (SBN 235753)
Ronald A. Gorrie (SBN 180477)
PHILLIPS LAW CORPORATION
801 Parkcenter Drive, Suite 105
Santa Ana, CA 92705
Tel: (714) 573-4087
Fax: (714) 586-5499
E-mail: bphillips@phillipslawcorporation.com

Attorneys for Defendant VERCY L.L.C.

## BEFORE THE UNITED STATES JUDICIAL PANEL
## ON MULTIDISTRICT LITIGATION

|  |  |
|---|---|
|  | **MDL Case No.:** |
|  | **SCHEDULE OF ACTIONS** |
| **IN RE VERCY, L.C.C. TELEPHONE CONSUMER PROTECTION ACT LITIGATION** |  |

///
///
///
///
///
///
///
///
///
///

- 1 -

SCHEDULE OF ACTIONS

| | Case Caption | District Court and Division | Civil Action Number | Judge |
|---|---|---|---|---|
| 1. | *Richard Wayne Glover, individually and on behalf of all other similarly situated, v. Vercy, L.L.C.* | Central District of California / Southern Division | 8:22-cv-01157-CJC-JDE | Judge Cormac J. Carny |
| 2. | *Shane Scofield, individually and on behalf of all others similarly situated, v. Vercy, L.L.C.* | Central District of California / Southern Division | 8:22-cv-01376-DOC-ADS | Judge David O. Carter |
| 3. | *Virginia Johnson-Gruver, individually and on behalf of other similarly situated v. Vercy, L.L.C.* | Western District of Arkansas / Northern Division | 3:22-cv-00047-KGB | Judge Kristine G. Baker |
| 4. | *Erik Salaiz v. Vercy, L.L.C. and Nader Sepehr* | Western District of Texas / El Paso Division | 3:22-cv-00224-DB | Judge David Briones |

PHILLIPS LAW CORPORATION

DATED: August 8, 2022

By: *Brent R. Phillips*

BRENT R. PHILLIPS
801 Parkcenter Drive, Suite 105
Santa Ana, CA 92705
Tel: (714) 573-4087
Fax: (714) 586-5499
E-mail: bphillips@phillipslawcorporation.com

Attorneys for Defendant
VERCY, LLC

PHILLIPS LAW CORPORATION
801 PARKCENTER DRIVE, SUITE 105
SANTA ANA, CA 92705

Brent R. Phillips (SBN 235753)
Ronald A. Gorrie (SBN 180477)
PHILLIPS LAW CORPORATION
801 Parkcenter Drive, Suite 105
Santa Ana, CA 92705
Tel: (714) 573-4087
Fax: (714) 586-5499
E-mail: bphillips@phillipslawcorporation.com

Attorneys for Defendant VERCY L.L.C.

# BEFORE THE UNITED STATES JUDICIAL PANEL

# ON MULTIDISTRICT LITIGATION

|  |  |
|---|---|
| | MDL Case No.: |
| | **PROOF OF SERVICE** |
| **IN RE VERCY, L.C.C. TELEPHONE CONSUMER PROTECTION ACT LITIGATION** | |

///

///

///

///

///

///

///

- 1 -

**PROOF OF SERVICE**

PHILLIPS LAW CORPORATION
801 PARKCENTER DRIVE, SUITE 105
SANTA ANA, CA 92705

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is PHILLIPS LAW CORPORATION, 801 Parkcenter Drive, Suite 801, Santa Ana, California 92705.

On August 8, 2022, I served by United States Mail with postage thereon fully paid to the following parties:

| | |
|---|---|
| Mark L. Javitch, Esq.<br>JAVITCH LAW OFFICE<br>480 S. Ellsworth Avenue<br>San Mateo, CA 94401<br>Tel: (650) 781-8000<br>Fax: (650) 648-0705<br>E-mail: mark@javitchlawoffice.com | **Attorneys for Plaintiff BEN FABRIKANT individually and on behalf of all other similarly situated** |
| Erik Salaiz<br>319 Valley Fair Way<br>El Paso, TX 79907<br>Tel: (915) 490-0898<br>E-mail: salaiz.ep@gmail.com | **Pro Se** |
| Jason Ryburn, Esq.<br>RYBURN LAW FIRM<br>650 S. Shackleford Road, Suite 231<br>Little Rock, AR 72211<br>Tel: (501) 228-8100<br>Fax: (501) 228-7300<br>E-mail: jason@ryburnlawfirm.com<br><br>Anthony I. Paronich, Esq.<br>PARONICH LAW P.C.<br>350 Lincoln Street, Suite 2400<br>Hingham, MA 02043<br>Tel: (617) 485-0018<br>Fax: (508) 318-8100<br>E-mail: anthony@paronichlaw.com | **Attorneys for Plaintiff VIRGINIA JOHNSON-GRUVER individually and on behalf of all other similarly situated** |
| Rachel Blyumkin, Esq.<br>1001 Wilshire Blvd., Suite 2236<br>Los Angeles, CA 90017<br>Tel: (833) 952-9669<br>E-mail: rachel@thedebtdefense.com | **Attorneys for Plaintiff RICHARD WAYNE GLOVER individually and on behalf of all other similarly situated** |

the following document(s) listed below:

**VERCY, L.L.C.'S NOTICE OF MOTION AND MOTION TO TRANSFER AND CONSOLIDATE FOR PRETRIAL PROCEEDINGS**

**VERCY, L.L.C.'S MOTION TO TRANSFER AND CONSOLIDATE FOR PRETRIAL**

**SCHEDULE OF ACTIONS**

**PROOF OF SERVICE**

☐ [State] I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ [Federal] I declare that I am employed in the office of a member of the bar of this Court at which direction the service was made.

Executed on August 8, 2022, at Santa Ana, California.

*Sandra Torres*
Sandra Torres

PHILLIPS LAW CORPORATION
801 PARKCENTER DRIVE, SUITE 105
SANTA ANA, CA 92705

**(Case No. 8:22-cv-01157-CJC-JDE)**

# EXHIBIT 1

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA (Southern Division - Santa Ana)
## CIVIL DOCKET FOR CASE #: 8:22-cv-01157-CJC-JDE

| | |
|---|---|
| Richard Glover v. Vercy L.L.C. et al | Date Filed: 06/13/2022 |
| Assigned to: Judge Cormac J. Carney | Jury Demand: Both |
| Referred to: Magistrate Judge John D. Early | Nature of Suit: 485 Telephone Consumer |
| Cause: 47:227 Restrictions of Use of Telephone Equipment | Protection Act (TCPA) |
| | Jurisdiction: Federal Question |

**Plaintiff**

**Richard Wayne Glover**
*individually and on behalf of all others similarly situated*

represented by **Rachel Blyumkin**
Law Offices of Rachel Blyumkin
1001 Wilshire Boulevard Suite 2236
Los Angeles, CA 90017
833-952-9669
Email: rachel@thedebtdefense.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Vercy L.L.C.**

represented by **Ronald A Gorrie**
Phillips Law Corporation
801 Park Center Drive Suite 105
Santa Ana, CA 92705
714-573-4087
Fax: 714-586-5499
Email: jacobsongorrie@gmail.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Brent R Phillips**
Phillips Law Corporation
801 Parkcenter Drive Suite 105
Santa Ana, CA 92705
714-573-4087
Fax: 714-586-5499
Email:
bphillips@phillipslawcorporation.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Does**
*1 through 10, inclusive, and each of them*

| Date Filed | # | Docket Text |
|---|---|---|

| 06/13/2022 | 1 | COMPLAINT Receipt No: ACACDC-33463355 - Fee: $402, filed by Plaintiff Richard Wayne Glover. (Attorney Rachel Blyumkin added to party Richard Wayne Glover(pty:pla))(Blyumkin, Rachel) (Entered: 06/13/2022) |
| 06/13/2022 | 2 | CIVIL COVER SHEET filed by Plaintiff Richard Wayne Glover. (Blyumkin, Rachel) (Entered: 06/13/2022) |
| 06/13/2022 | 3 | NOTICE of Interested Parties filed by Plaintiff Richard Wayne Glover, (Blyumkin, Rachel) (Entered: 06/13/2022) |
| 06/13/2022 | 4 | Request for Clerk to Issue Summons on Complaint (Attorney Civil Case Opening) 1 filed by Plaintiff Richard Wayne Glover. (Blyumkin, Rachel) (Entered: 06/13/2022) |
| 06/14/2022 | 5 | NOTICE OF ASSIGNMENT to District Judge Cormac J. Carney and Magistrate Judge John D. Early. (sh) (Entered: 06/14/2022) |
| 06/14/2022 | 6 | NOTICE TO PARTIES OF COURT-DIRECTED ADR PROGRAM filed. (sh) (Entered: 06/14/2022) |
| 06/14/2022 | 7 | Notice to Counsel Re Consent to Proceed Before a United States Magistrate Judge. (sh) (Entered: 06/14/2022) |
| 06/14/2022 | 8 | 21 DAY Summons Issued re Complaint (Attorney Civil Case Opening) 1 as to Defendant Vercy L.L.C.. (sh) (Entered: 06/14/2022) |
| 07/11/2022 | 9 | ANSWER to Complaint (Attorney Civil Case Opening) 1 with JURY DEMAND filed by Defendant Vercy L.L.C..(Attorney Brent R Phillips added to party Vercy L.L.C.(pty:dft)) (Phillips, Brent) (Entered: 07/11/2022) |
| 07/11/2022 | 10 | CERTIFICATE of Interested Parties filed by Defendant Vercy L.L.C., (Phillips, Brent) (Entered: 07/11/2022) |
| 07/12/2022 | 11 | NOTICE OF INTENT by Judge Cormac J. Carney. Scheduling order to be issued on September 15, 2022. (rrp) (Entered: 07/12/2022) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 08/04/2022 20:02:55 | | |
| **PACER Login:** | PhillipsLawCorporation | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 8:22-cv-01157-CJC-JDE End date: 8/4/2022 |
| **Billable Pages:** | 2 | **Cost:** | 0.20 |

1  Rachel Blyumkin (SBN: 326718)
2  Email: rachel@thedebtdefense.com
   1001 Wilshire Boulevard, Suite 2236
3  Los Angeles California 90017
   Tel: 833-952-9669
4
5
   Attorneys for Plaintiff,
6  Richard Wayne Glover
7
8              UNITED STATES DISTRICT COURT
9              CENTRAL DISTRICT OF CALIFORNIA
10  RICHARD WAYNE GLOVER,           Case No.:   8:22-cv-01157
11  individually and on behalf of all others
    similarly situated,
12                                  **CLASS ACTION**
13
14              Plaintiff,          **COMPLAINT FOR VIOLATIONS
                                    OF:**
15                                      1. **TELEPHONE CONSUMER
16              v.                         PROTECTION ACT [47 U.S.C.
                                           §227(b)]**
17  VERCY L.L.C. and DOES 1 through 10,   2. **VIOLATIONS OF THE
18  inclusive, and each of them,           TELEPHONE CONSUMER
                                           PROTECTION ACT [47 U.S.C.
19                                         §227(c)]**
20              Defendant(s).
21
22                                  **JURY TRIAL DEMANDED**
23
24
25
26
27
28
                            1
           **CLASS ACTION COMPLAINT**

1    RICHARD WAYNE GLOVER ("Plaintiff"), individually and on behalf of all
2    others similarly situated, alleges the following upon information and belief based upon
3    personal knowledge

## NATURE OF THE CASE

5    1.    Plaintiff brings this action individually and on behalf of all others
6    similarly situated seeking damages and any other available legal or equitable remedies
7    resulting from the illegal actions of VERCY L.L.C. ("Defendant"), in negligently,
8    knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in
9    violation of the Telephone Consumer Protection Act, 47. U.S.C. § 227 et seq.
10   ("TCPA") and related regulations, thereby invading Plaintiff's privacy.

## JURISDICTION AND VENUE

12   2.    Jurisdiction is proper under 28 U.S.C. § 1332(d)(2) because Plaintiff, a
13   resident of Kansas, seeks relief on behalf of a Class, which will result in at least one
14   class member belonging to a different state than that of Defendant, a company with its
15   principal place of business in the State of California, and incorporated in the state of
16   California. Plaintiff also seeks up to $1,500.00 in damages for each call in violation of
17   the TCPA, which, when aggregated among a proposed class in the thousands, exceeds
18   the $5,000,000.00 threshold for federal court jurisdiction. Therefore, both diversity
19   jurisdiction and the damages threshold under the Class Action Fairness Act of 2005
20   ("CAFA") are present, and this Court has jurisdiction. The Court further has
21   jurisdiction as Plaintiff seeks redress under Federal Statutes of the United States of
22   America.

23   3.    Venue is proper in the United States District Court for the Central District
24   of California pursuant to 18 U.S.C. 1391(b) and 18 U.S.C. § 1441(a) because
25   Defendant does business within the State of California.

## PARTIES

27   4.    Plaintiff is a natural person residing in Kansas and is a "person" as defined
28   by 47 U.S.C. § 153 (39).

2

**CLASS ACTION COMPLAINT**

5.     Defendant is a tax relief agency selling and soliciting tax relief services aimed at consumers and is a "person" as defined by 47 U.S.C. § 153 (39).

6.     The named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

7.     Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## **FACTUAL ALLEGATIONS**

8.     Beginning in or around September 2021, Defendant contacted Plaintiff on Plaintiff's cellular telephone number ending in 8888, in an attempt to solicit Plaintiff to purchase or utilize Defendant's service.

9.     Defendant utilized an "artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A) during its solicitation calls to Plaintiff.

10.     When Plaintiff answered the call, or if Plaintiff did not answer the call and it went to voicemail, Defendant had various male and female voices, all prerecorded, say the same exact sales script nearly verbatim, if not verbatim.

11.     Defendant contacted or attempted to contact Plaintiff from telephone number (855) 441-1421, and others.

12.     Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

3

**CLASS ACTION COMPLAINT**

13.   Defendant's calls were placed to telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

14.   During all relevant times, Defendant did not possess Plaintiff's "prior express consent" nor had a prior established business relationship with Plaintiff to receive calls using an artificial or prerecorded voice on her cellular telephone pursuant to 47 U.S.C. § 227(b)(1)(A).

15.   Such calls constitute solicitation calls pursuant to 47 C.F.R. § 64.1200(c)(2) as they were attempts to promote or sell Defendant's services.

16.   Plaintiff received numerous solicitation calls from Defendant within a 12-month period.

17.   During the calls Defendant placed to Plaintiff's cellular phone, Defendant's agents identified themselves as calling from Defendant's business.

18.   Plaintiff alleges on information and belief that Defendant employs scraping technology to collect phone numbers off of publicly listed websites, in an effort to generate sales leads. However, Defendant uses automated prerecorded voice technology to place these calls, without obtaining the prior express consent of the recipient of the call.

19.   Defendant's automated calls are a widespread public nuisance, and have been the subject of various complaints on online forums.

20.   Plaintiff, like the other putative class members whom he seeks to represent, has no prior established business relationship with Defendant, and has never provided Defendant with his phone number.

## CLASS ALLEGATIONS

21.   Plaintiff brings this action individually and on behalf of all others similarly situated, as a member the two proposed classes (hereafter, jointly, "The Classes"). The class concerning the Prerecorded Voice claims for no prior express consent (hereafter "The PRV Class") is defined as follows:

4

**CLASS ACTION COMPLAINT**

All persons within the United States who received any solicitation/telemarketing telephone calls from Defendant to said person's cellular telephone made through the use of any prerecorded voice and such person had not previously consented to receiving such calls within the four years prior to the filing of this Complaint

22.     Plaintiff represents, and is a member of, The PRV Class, consisting of all persons within the United States who received any collection telephone calls from Defendant to said person's cellular telephone made through the use of any artificial or prerecorded voice and such person had not previously provided their cellular telephone number to Defendant within the four years prior to the filing of this Complaint.

23.     Defendant, its employees and agents are excluded from The Classes. Plaintiff does not know the number of members in The Classes, but believes the Classes members number in the thousands, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

24.     The Classes are so numerous that the individual joinder of all of its members is impractical. While the exact number and identities of The Classes members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that The Classes includes thousands of members. Plaintiff alleges that The Classes members may be ascertained by the records maintained by Defendant.

25.     Plaintiff and members of The PRV Class were harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiff and PRV Class members via their cellular telephones thereby causing Plaintiff and PRV Class members to incur certain charges or reduced telephone time for which Plaintiff and PRV Class members had previously paid by having to retrieve or administer messages left by Defendant during those illegal calls, and invading the privacy of said Plaintiff and PRV Class.

5

**CLASS ACTION COMPLAINT**

26.     Common questions of fact and law exist as to all members of The PRV Class which predominate over any questions affecting only individual members of The PRV Class. These common legal and factual questions, which do not vary between PRV Class members, and which may be determined without reference to the individual circumstances of any PRV Class members, include, but are not limited to, the following:

    a.  Whether, within the four years prior to the filing of this Complaint, Defendant made any telemarketing/solicitation call (other than a call made for emergency purposes or made with the prior express consent of the called party) to a PRV Class member using any automatic telephone dialing system or any artificial or prerecorded voice to any telephone number assigned to a cellular telephone service

    b.  Whether Plaintiff and the PRV Class members were damaged thereby, and the extent of damages for such violation; and

    c.  Whether Defendant should be enjoined from engaging in such conduct in the future.

27.     As a person that received numerous telemarketing/solicitation calls from Defendant using an artificial or prerecorded voice, without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of The PRV Class.

28.     Plaintiff will fairly and adequately protect the interests of the members of The Classes. Plaintiff has retained attorneys experienced in the prosecution of class actions.

29.     A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Classes members is impracticable. Even if every Classes member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments

6

**CLASS ACTION COMPLAINT**

1   and would magnify the delay and expense to all parties and to the court system resulting

2   from multiple trials of the same complex factual issues. By contrast, the conduct of this

3   action as a class action presents fewer management difficulties, conserves the resources

4   of the parties and of the court system, and protects the rights of each Classes member.

5       30.    The prosecution of separate actions by individual Classes members would

6   create a risk of adjudications with respect to them that would, as a practical matter, be

7   dispositive of the interests of the other Classes members not parties to such

8   adjudications or that would substantially impair or impede the ability of such non-party

9   Class members to protect their interests.

10      31.    Defendant has acted or refused to act in respects generally applicable to

11  The Classes, thereby making appropriate final and injunctive relief with regard to the

12  members of the Classes as a whole.

### FIRST CAUSE OF ACTION

**Negligent Violations of The Telephone Consumer Protection Act**

**47 U.S.C. §227(b).**

**On Behalf of the PRV Class**

17      32.    Plaintiff repeats and incorporates by reference into this cause of action the

18  allegations set forth above at Paragraphs 1-31.

19      33.    The foregoing acts and omissions of Defendant constitute numerous and

20  multiple negligent violations of the TCPA, including but not limited to each and every

21  one of the above cited provisions of 47 U.S.C. § 227(b), and in particular 47 U.S.C. §

22  227 (b)(1)(A).

23      34.    As a result of Defendant's negligent violations of 47 U.S.C. § 227(b),

24  Plaintiff and the Class Members are entitled an award of $500.00 in statutory damages,

25  for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

26      35.    Plaintiff and the PRV Class members are also entitled to and seek

27  injunctive relief prohibiting such conduct in the future.

### SECOND CAUSE OF ACTION

**CLASS ACTION COMPLAINT**

**Knowing and/or Willful Violations of The Telephone Consumer Protection Act**

**47 U.S.C. §227(b).**

**On Behalf of the PRV Class**

36.     Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-35.

37.     The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227(b), and in particular 47 U.S.C. § 227 (b)(1)(A).

38.     As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b), Plaintiff and the PRV Class members are entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

39.     Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant for:

**FIRST CAUSE OF ACTION**

1.     As a result of Defendant's negligent violations of 47 U.S.C. §227(b)(1), Plaintiff and the PRV Class members are entitled to and request $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B).

2.     Any and all other relief that the Court deems just and proper.

**SECOND CAUSE OF ACTION**

3.     As a result of Defendant's willful and/or knowing violations of 47 U.S.C. §227(b)(1), Plaintiff and the PRV Class members are entitled to and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B) and 47 U.S.C. §227(b)(3)(C).

4.     Any and all other relief that the Court deems just and proper.

8

1

## **DEMAND FOR JURY TRIAL**

2   Plaintiff demands a trial by jury on all issues triable by a jury.

3

4   DATED: June 13, 2022

5

6                                    By:    /s/ Rachel Blyumkin
                                            Rachel Blyumkin
7                                           Attorney for Plaintiff
8                                           Richard Wayne Glover

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**(Case No. 8:22-cv-01376-DOC-ADS)**

# EXHIBIT 2

ACCO,(ADSx),DISCOVERY,MANADR

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA (Southern Division - Santa Ana)
### CIVIL DOCKET FOR CASE #: 8:22-cv-01376-DOC-ADS

| | |
|---|---|
| Shane Scofield v. Vercy LLC et al | Date Filed: 07/26/2022 |
| Assigned to: Judge David O. Carter | Jury Demand: Plaintiff |
| Referred to: Magistrate Judge Autumn D. Spaeth | Nature of Suit: 485 Telephone Consumer |
| Cause: 47:227 Restrictions of Use of Telephone Equipment | Protection Act (TCPA) |
| | Jurisdiction: Federal Question |

**Plaintiff**

**Shane Scofield**
*individually and on behalf of all others
similarly situated*

represented by **Mark Louis Javitch**
Javitch Law Office
3 East 3rd Avenue Suite 200
San Mateo, CA 94401
650-781-8000
Email: mark@javitchlawoffice.com
*LEAD ATTORNEY
ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Vercy LLC**
*a California limited liability company*

**Defendant**

**John Doe**
*an unknown business entity*

| Date Filed | # | Docket Text |
|---|---|---|
| 07/26/2022 | 1 | COMPLAINT Receipt No: ACACDC-33695790 - Fee: $402, filed by plaintiff Shane Scofield. (Attorney Mark Louis Javitch added to party Shane Scofield(pty:pla))(Javitch, Mark) (Entered: 07/26/2022) |
| 07/26/2022 | 2 | CIVIL COVER SHEET filed by Plaintiff Shane Scofield. (Javitch, Mark) (Entered: 07/26/2022) |
| 07/26/2022 | 3 | CERTIFICATE of Interested Parties filed by Plaintiff Shane Scofield, identifying None. (Javitch, Mark) (Entered: 07/26/2022) |
| 07/26/2022 | 4 | Request for Clerk to Issue Summons on Complaint (Attorney Civil Case Opening) 1 filed by plaintiff Shane Scofield. (Javitch, Mark) (Entered: 07/26/2022) |
| 07/27/2022 | 5 | NOTICE OF ASSIGNMENT to District Judge David O. Carter and Magistrate Judge Autumn D. Spaeth. (et) (Entered: 07/27/2022) |
| 07/27/2022 | 6 | NOTICE TO PARTIES OF COURT-DIRECTED ADR PROGRAM filed. (et) (Entered: 07/27/2022) |

| 07/27/2022 | 7 | Notice to Counsel Re Consent to Proceed Before a United States Magistrate Judge. (et) (Entered: 07/27/2022) |
|---|---|---|
| 07/27/2022 | 8 | 21 DAY Summons Issued re Complaint (Attorney Civil Case Opening) 1 as to Defendant Vercy LLC. (et) (Entered: 07/27/2022) |
| 08/02/2022 | 9 | PROOF OF SERVICE Executed by Plaintiff Shane Scofield, upon Defendant Vercy LLC served on 7/27/2022, answer due 8/17/2022. Service of the Summons and Complaint were executed upon Registered Agent in compliance with Federal Rules of Civil Procedure by personal service.Original Summons returned. (Javitch, Mark) (Entered: 08/02/2022) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 08/04/2022 20:04:01 | | |
| **PACER Login:** | PhillipsLawCorporation | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 8:22-cv-01376-DOC-ADS End date: 8/4/2022 |
| **Billable Pages:** | 2 | **Cost:** | 0.20 |

Mark L. Javitch (CA SBN 323729)
Javitch Law Office
480 S. Ellsworth Ave
San Mateo, CA 94401
Telephone: (650) 781-8000
Facsimile: (650) 648-0705
mark@javitchlawoffice.com

*Attorney for Plaintiff*
*and the Putative Class*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| SHANE SCOFIELD, individually and on behalf of all others similarly situated,<br><br>               Plaintiff,<br>v.<br><br>VERCY L.L.C., a California limited liability company, and JOHN DOE, an unknown business entity,<br><br>             Defendants. | Case No.: 8:22-cv-01376<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

1.      Plaintiff SHANE SCOFIELD ("Plaintiff") brings this Class Action Complaint and Demand for Jury Trial against Defendant VERCY, L.L.C. ("Vercy Tax") and Defendant JOHN DOE ("John Doe" or together, "Defendants") to stop their illegal practice of calling cellular telephones of consumers and playing prerecorded voice messages, and to obtain redress for all persons injured by their conduct. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorney.

### NATURE OF THE ACTION

2.      Vercy Tax is a tax debt relief service. As a part of their marketing, Vercy Tax calls thousands of consumers and played artificial or prerecorded voice messages advertising their tax services.

3.      Defendants did not obtain express written consent prior to placing these artificial or prerecorded voice calls and, therefore, are in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

4.      Congress enacted the TCPA in 1991 to restrict the use of sophisticated telemarketing equipment that could target consumers *en masse*. Congress found that these calls were not only a nuisance and an invasion of privacy to consumers specifically but were also a threat to interstate commerce generally. See S. Rep. No. 102-178, at 2-3 (1991), as reprinted in 1991 U.S.C.C.A.N. 1968, 1969-71.

5.      The TCPA targets unauthorized calls playing prerecorded voices exactly like the ones alleged in this case, based on Defendants' use of technological equipment to spam consumers with its advertising on a grand scale.

6.      By placing the calls at issue, Defendants violated the privacy and statutory rights of Plaintiff and members of the Class.

CLASS ACTION COMPLAINT                              1                              __8:22-cv-01376

7.      Plaintiff therefore seeks an injunction requiring Defendants to stop its unconsented calling, as well as an award of actual and statutory fines to members of the Class, together with costs and reasonable attorneys' fees.

## PARTIES

8.      Plaintiff SHANE SCOFIELD is a natural person and is a citizen of Greeley, Colorado.

9.      Defendant VERCY L.L.C. is a California limited liability company.

10.     Defendant John Doe is an unknown business entity.

## JURISDICTION AND VENUE

11.     This Court has federal subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, which is a federal statute.

12.     This Court has general jurisdiction over Vercy Tax because Vercy Tax resides in this District.

13.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) because the Defendant resides in this District.

## COMMON FACTUAL ALLEGATIONS

14.     Defendant Vercy Tax sells tax debt relief services.

15.     Vercy Tax hired John Doe to place calls to thousands of phones numbers of Plaintiff and the Class.

16.     The calls were unsolicited and played a prerecorded voice advertising Vercy's commercial services.

17.     Defendants failed to obtain consent from Plaintiff and the Class before bombarding them with these illegal calls.

## FACTS SPECIFIC TO PLAINTIFF

18.     On or around November 15, 2021, Plaintiff started to receive unsolicited phone calls from Vercy Tax.

19.   On May 13, 2022, Plaintiff received a pre-recorded voice mail message on his cellular telephone number ending in 5104 from "Michelle" that advertised services to resolve tax debt.

20.   Upon returning the call, he was connected to "Brooklyn McBridge" who identified the company as Vercy Tax.

21.   Plaintiff also received an email from Vercy.

22.   On May 23, 2022, and again on May 27, 2022, Plaintiff sent Vercy a letter requesting to be added to their Do Not call List, their Do Not Call policy and his consent record, but Vercy did not respond.

23.   On May 31, 2022, Plaintiff received two more calls from Vercy.

24.   In total, Plaintiff received approximately 15 (fifteen) calls from Vercy.

25.   Plaintiff has been registered on the federal and state Do Not Call registry since January 27, 2022.

26.   Plaintiff never consented to receive calls from Defendants. Plaintiff had never heard of Defendants and had no relationship whatsoever with Defendants prior to these interactions.

27.   Defendants' calls violated Plaintiff's statutory rights and caused actual and statutory damages.

28.   In addition to causing statutory damages, these illegal calls caused annoyance, intrusion on privacy and seclusion, wasted battery life and time to Plaintiff

## CLASS ALLEGATIONS

29.   Class Definition: Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of Plaintiff and the class defined as follows:

**TCPA Class**.  All persons who: (1) from the last 4 years to present (2) whose cellular phones were called (3) and played a prerecorded voice (3) to promote Defendants' products or services;

**DNC List Class**. All persons in the United States who: (1) from the last 4 years to present (2) received at least two phone calls within a 12 month period; (3) on his or

her telephone number that was registered on the Do Not Call list; (4) for the purpose of selling Defendants' products and/or services.

30.     The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendants, Defendants' subsidiaries, parents, successors, predecessors, and any entity in which the Defendants or their parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendants' counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

31.     **Numerosity**: The exact number of members of the Class is unknown and not available to Plaintiff, but it is clear that individual joinder is impracticable. On information and belief, Defendants placed telephone calls to thousands of consumers who fall into the definition of the Class. Members of the Class may be identified through Defendants' records.

32.     **Typicality**: Plaintiff's claims are typical of the claims of other members of the Class, in that Plaintiff and members of the Class sustained damages arising out of Defendants' uniform wrongful conduct and unsolicited telephone calls.

33.     **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiff's claims are asserted in a representative capacity on behalf of the other members of the Class. Plaintiff has no interests antagonistic to the interests of the other members of the proposed Class and is subject to no unique defenses. Plaintiff has retained competent counsel to prosecute the case on behalf of Plaintiff and the proposed Class. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so.

CLASS ACTION COMPLAINT                    4                    __8:22-cv-01376

34. **Policies Generally Applicable to the Class**: This class action is appropriate for certification because Defendants have acted or refused to act on grounds applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final injunctive relief appropriate with respect to the Class as a whole. Defendants' practices challenged herein apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinge on Defendants' conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

35. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

    a.    Whether the phone calls played a prerecorded voice;

    b.    Whether Defendants obtained written express consent prior to the calls;

    c.    Whether Defendants maintain and train on a written telemarketing policy;

    d.    Whether Defendants' conduct was *willing* and/or *knowing*;

    e.    Whether members of the Class are entitled to treble damages.

36. **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy as joinder of all parties is impracticable. The damages suffered by the individual members of the Class are likely be relatively small and impossible to recover, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendants' misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation

1  would increase the delay and expense to all parties due to the complex legal and factual

2  controversies presented in this Complaint. By contrast, a class action presents far fewer

3  management difficulties and provides the benefits of single adjudication, economy of

4  scale, and comprehensive supervision by a single Court. Economies of time, effort and

5  expense will be fostered, and uniformity of decisions ensured.

**FIRST CAUSE OF ACTION**
**Violation of 47 U.S.C. § 227(b)**
**(On behalf of Plaintiff and the TCPA Class)**

6

7

8      37.    Plaintiff incorporates the foregoing allegations as if fully set forth herein.

9      38.    Plaintiff and the TCPA Class members received unsolicited phone calls to

10  their cellular telephones.

11      39.    The calls played a prerecorded voice advertising Vercy Tax's tax debt relief

12  services.

13      40.    As a result of its unlawful conduct, Defendants repeatedly invaded

14  Plaintiff's and the TCPA Class's personal privacy, causing them to suffer damages and,

15  under 47 U.S.C. § 227(b)(3)(B), entitling them to recover $500 in civil fines for each

16  violation and an injunction requiring Defendants to stop its illegal calling campaign.

17      41.    Defendants made the violating calls "willfully" and/or "knowingly" under

18  47 U.S.C. § 227(b)(3)(C).

19      42.    If the Court finds that Defendants willfully and/or knowingly violated this

20  subsection, the court may increase the civil fine from $500 to $1500 per violation under

21  47 U.S.C. § 227(b)(3)(C).

**SECOND CAUSE OF ACTION**
**Violation of 47 U.S.C. § 227(c)**
**Do Not Call Provision**
**(On behalf of Plaintiff and the DNC Class)**

22

23

24

25      47.    Plaintiff incorporates the foregoing allegations as if fully set forth herein.

26      48.    The telephone numbers of Plaintiff and the DNC Class are registered on the

27  Do Not Call Registry.

28

49.     Defendants called Plaintiff's and the Class members' DNC-registered telephones twice or more within a twelve month period without having their prior written consent to do so and without an established business relationship.

50.     The foregoing acts and omissions of Defendant and/or their agents constitute multiple violations of the TCPA, 47 U.S.C. § 227(c), by making telemarketing solicitations to residential and wireless telephone numbers listed on the Federal Government's National Do Not Call Registry. 47 C.F.R. § 64.1200(c)(2).

51.     Defendants' calls were made for a commercial purpose.

52.     Plaintiff is entitled to an award of at least $500 in damages for each such violation.  47 U.S.C. § 227(c)(5)(B).

53.     Plaintiff is entitled to an award of up to $1,500 in damages for each such knowing or willful violation. 47 U.S.C. § 227(c)(5).

54.     Plaintiff also seeks a permanent injunction prohibiting Defendant and their agents from making telemarketing solicitations to residential and wireless telephone numbers listed on the Federal Government's National Do Not Call Registry.

### THIRD CAUSE OF ACTION
**Violation of § 64.1200(d)(1)**
**Failure to Maintain Written Telemarketing Policy**
**(On behalf of Plaintiff and the TCPA and DNC Classes)**

55.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

56.     47 CFR 64.1200(d)(1) requires that Defendants maintain a written telemarketing policy, available upon demand, for maintaining a do-not-call list.

57.    Defendants failed to fulfill this requirement, resulting in violations against Plaintiff and the Class.

58.    Plaintiff is entitled to an award of at least $500 in damages for each such violation.  47 U.S.C. § 227(c)(5)(B).

59.    Plaintiff is entitled to an award of up to $1,500 in damages for each such knowing or willful violation. 47 U.S.C. § 227(c)(5).

60.    Plaintiff also seeks a permanent injunction requiring Defendants to maintain a written telemarketing policy.

### FOURTH CAUSE OF ACTION
### Violation of § 64.1200(d)(2)
### Failure to Train Telemarketing Personnel
### (On behalf of Plaintiff and the TCPA and DNC Classes)

61.    Plaintiff incorporates the foregoing allegations as if fully set forth herein.

62.    47 CFR 64.1200(d)(2) requires that Defendants train their personnel engaged in telemarketing on the written policy and the existence of the Do Not Call Policy.

63.    Defendants did not do so, resulting in violations against Plaintiff.

64.    Plaintiff is entitled to an award of at least $500 in damages for each such violation.  47 U.S.C. § 227(c)(5)(B). Plaintiff seeks $1,500 in damages for each such knowing or willful violation. 47 U.S.C. § 227(c)(5).

65.    Plaintiff also seeks a permanent injunction requiring Defendants to train their telemarketing personnel.

**FIFTH CAUSE OF ACTION**
**Unlawful Prong of California Unlawful Competition Law**
**Cal. Bus. & Prof. Code §17200**
**(Against all Defendants)**

43.    Plaintiff incorporates the foregoing allegations as if fully set forth herein.

44.    The unlawful prong of California Business and Professions Code §17200 prohibits any unlawful business practice.

45.    Each of Defendants' violations of 47 U.S.C. § 227 vis a vis Plaintiff as described herein all constitute separate and cumulative violations of unlawful prong of §17200.

46.    Plaintiff has and continues to incur damages that are actual and recognized by statute.

47.    Plaintiff is authorized to pursue a private right of action against Defendants under §17204.

48.    Plaintiff is also entitled to injunctive relief under this section.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually, and on behalf of the Class, prays for the following relief:

a.    An order certifying the Class as defined above, appointing Plaintiff as the representative of the Class and appointing his counsel as Class Counsel;

b.    An order declaring that Defendants' actions, as set out above, violate the TCPA;

c.    An order declaring that Defendants' actions, as set out above, violate the TCPA willfully and knowingly, and an award trebling statutory damages;

d.    An order declaring that Defendants' actions, as set out above, violate the 227(c) of the TCPA;

e.    An order declaring that Defendants' actions, as set out above, violate 47 CFR § 64.1200(d)(1);

f.    An order declaring that Defendants' actions, as set out above, violate 47 CFR § 64.1200(d)(2);

g.    An injunction requiring Defendants to cease all unlawful calls without first obtaining the call recipients' express consent to receive such calls, and otherwise protecting interests of the Class;

h.    An award of reasonable attorney's fees and costs pursuant to Cal. Civ. Proc. Code § 1021.5;

i.    Such other and further relief that the Court deems reasonable and just.


Dated: July 26, 2022             Respectfully submitted,


                        By:  /s/ Mark L. Javitch
                             Mark L. Javitch (California SBN 323729)
                             Javitch Law Office
                             480 S. Ellsworth Ave
                             San Mateo CA 94401
                             Telephone: (650) 781-8000
                             Facsimile: (650) 648-0705
                             Email: mark@javitchlawoffice.com

                             Attorney for Plaintiff SHANE SCOFIELD
                             and the Putative Class

1  Brent R. Phillips (SBN 235753)
   Ronald A. Gorrie (SBN 180477)
2  PHILLIPS LAW CORPORATION
   801 Parkcenter Drive, Suite 105
3  Santa Ana, CA 92705
   Tel: (714) 573-4087
4  Fax: (714) 586-5499
   E-mail: bphillips@phillipslawcorporation.com
5
   Attorneys for Defendant VERCY L.L.C.
6

7

8              BEFORE THE UNITED STATES JUDICIAL PANEL

9                    ON MULTIDISTRICT LITIGATION

10 |                                    | MDL Case No.:
11 |                                    |
12 |                                    | VERCY, L.L.C.'S NOTICE OF MOTION
   |                                    | AND MOTION TO TRANSFER AND
13 | IN RE VERCY, L.C.C. TELEPHONE      | CONSOLIDATE FOR PRETRIAL
   | CONSUMER PROTECTION ACT            | PROCEEDINGS
14 | LITIGATION                         |

15

16

17

18

19

20

21 TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

22         PLEASE TAKE NOTICE THAT pursuant to 28 U.S.C. § 1407(c)(ii), VERCY, L.C.C.

23 ("Vercy") moves to transfer and consolidate to the United States District Court for the Central

24 District of California, Southern Division the four (4) cases listed in the Schedule of Actions

25 (collectively the "Pending Actions") filed herewith.  This Motion is made on the grounds that the

26 Pending Actions involve common questions of fact and transfer and consolidation will serve the

27 convenience of the parties and witnesses and will promote the just and efficient conduct of the

28 cases on the following grounds:

VERCY, L.L.C.'S NOTICE OF MOTION AND MOTION TO TRANSFER AND
CONSOLIDATE FOR PRETRIAL PROCEEDINGS

- The Pending Actions involve common questions of fact on the grounds that each of the Pending Actions is virtually identical.[1] There are multiple common questions of fact. This is because the only causes of actions alleged in the Pending Actions are for or based on violations of the Telephone Consumer Protection Act (the "TCPA"), § 47 U.S.C. 227 and are based identical factual allegations.

- Transfer and consolidation under Section 1407 of the Pending Actions serves the convenience of the parties and witnesses in that it will facilitate the efficient conduct of common discovery and eliminate duplicative discovery, prevent inconsistent pretrial discovery rulings and conserve the resources of the parties, their counsel and the judiciary during the discovery process.

- Transfer and consolidation under Section 1407 of the Pending Actions to the Southern Division for the Central District of California serves the convenience of the parties and witnesses on the grounds that the underlying claims arose, the location of documents, the majority of the witnesses relevant to the underlying claims are located in the Southern Division for the Central District, and two of the four Pending Actions are pending in the Southern Division.

- Three (3) the Pending Actions are class action cases. Transfer and consolidation under Section 1407 of the Pending Actions to the Southern Division for the Central District will promote the just and efficient conduct of the Pending Actions due to the risk of conflicting and inconsistent class determinations under Rule 23 by courts in different jurisdictions as well as inconsistent or conflicting rulings on dispositive motions. The Judicial Panel has stated on multiple occasions that class action cases under Federal Rule 23 present highly persuasive if not compelling cases for transfer and consolidation under Section 1407 due to the risk of inconsistent class determinations by different courts.

///

---

[1]Three (3) of the Pending Actions are class action cases. The complaints filed in the class action cases are almost identical and drafted from what appears to be a common form pleading.

**VERCY, L.L.C.'S NOTICE OF MOTION AND MOTION TO TRANSFER AND CONSOLIDATE FOR PRETRIAL PROCEEDINGS**

PHILLIPS LAW CORPORATION
801 PARKCENTER DRIVE, SUITE 105
SANTA ANA, CA 92705

This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, and Schedule of Actions filed herewith, all documents on file with the Court, and such other argument that may be presented at a hearing on this Motion.

PHILLIPS LAW CORPORATION

DATED: August 8, 2022

By: *Brent R. Phillips*

BRENT R. PHILLIPS
801 Parkcenter Drive, Suite 105
Santa Ana, CA 92705
Tel: (714) 573-4087
Fax: (714) 586-5499
E-mail: bphillips@phillipslawcorporation.com

Attorneys for Defendant
VERCY, LLC

1    Brent R. Phillips (SBN 235753)
Ronald A. Gorrie (SBN 180477)
2    PHILLIPS LAW CORPORATION
801 Parkcenter Drive, Suite 105
3    Santa Ana, CA 92705
Tel: (714) 573-4087
4    Fax: (714) 586-5499
E-mail: bphillips@phillipslawcorporation.com
5

6    Attorneys for Defendant VERCY L.L.C.

7

8              **BEFORE THE UNITED STATES JUDICIAL PANEL**

9                  **ON MULTIDISTRICT LITIGATION**

10

| | |
|---|---|
| | **MDL Case No.:** |
| | |
| | **MEMORANDUM OF POINTS AND** |
| | **AUTHORITIES IN SUPPORT OF VERCY,** |
| **IN RE VERCY, L.C.C. TELEPHONE** | **L.L.C.'S MOTION TO TRANSFER AND** |
| **CONSUMER PROTECTION ACT** | **CONSOLIDATE FOR PRETRIAL** |
| **LITIGATION** | **PROCEEDINGS** |

PHILLIPS LAW CORPORATION
801 PARKCENTER DRIVE, SUITE 105
SANTA ANA, CA 92705

**I.**

**INTRODUCTION / SUMMARY OF ARGUMENT**

       Pursuant to 28 U.S.C. § 1407, VERCY, L.L.C. ("Vercy") moves to transfer and consolidate to the Federal District Court for the Central District of California, Southern Division four cases (the "Pending Actions"). Three of the cases are class action cases. Section 1407 provides for the transfer and consolidation of pending civil actions for pretrial proceedings to Multidistrict Litigation proceedings when (1) there is one or more common questions of fact between civil actions pending in different districts; (2) the transfer will be for the convenience of

the parties and witnesses; and, (3) the transfer will promote the just and efficient conduct of the actions to be consolidated.

First, there are multiple common questions of fact between the Pending Actions. As reflected in the complaints attached as exhibits, each of the Pending Actions is virtually identical. The only causes of action alleged are for or based on alleged violations of Telephone Consumer Protection Act (the "TCPA"), § 47 U.S.C. 227 and are based on almost the same factual allegations.

Second, transfer and consolidation under Section 1407 of the Pending Actions serves the convenience of the parties and witnesses in that it will facilitate the efficient conduct of common discovery. The discovery in the Pending Actions will be identical because each of the Pending Actions alleges the same causes of action for violations of the TCPA based on the same factual allegations. Transfer and consolidation will eliminate duplicative discovery, prevent inconsistent pretrial discovery rulings and conserve the resources of the parties, their counsel and the judiciary during the discovery process.

Third, transfer and consolidation to the Southern Division for the Central District of California serves the convenience of the parties and witnesses on the grounds that the underlying claims arose, the location of documents, the majority of the witnesses relevant to the underlying claims are located in the Southern Division, and two of the four Pending Actions are pending in the Southern Division.

Fourth, transfer and consolidation will promote the just and efficient conduct of the Pending Actions due to the high risk of conflicting and inconsistent rulings by multiple courts on the same issues. To begin with, three of the cases are class action cases. There is the risk of conflicting and inconsistent class determinations under Rule 23 by courts in different jurisdictions. The Judicial Panel has stated on multiple occasions that class action cases under Federal Rule 23 present highly persuasive if not compelling cases for transfer and consolidation under Section 1407 due to the risk of inconsistent class determinations by different courts. Moreover, the outcome of the parties' dispositive motions should be consistent in that the facts and law upon which the Pending Actions are based are identical. There is the risk of inconsistent

PHILLIPS LAW CORPORATION
801 PARKCENTER DRIVE, SUITE 105
SANTA ANA, CA 92705

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF VERCY, L.L.C.'S MOTION TO TRANSFER AND CONSOLIDATE FOR PRETRIAL PROCEEDINGS**

and conflicting rules on dispositive motions based on the same facts and law were the Pending Actions to proceed for pretrial purposes separately.

Because the Pending Actions involve common questions of fact and transfer and consolidation will serve the convenience of the parties and witness and promote the just and efficient conduct of the Pending Actions, Vercy's Motion to Transfer and Consolidate the Pending Actions to the Southern Division of the Federal District Court for the Central District of California should be GRANTED.

## II.

## FACTUAL BACKGROUND

### A.    Vercy's Services

Vercy is a tax relief service with its offices located in Orange County, California.  Vercy represents taxpayers with tax debts to negotiate with the United States Internal Revenue Service (the "IRS") their tax debt and qualify for one of the tax relief programs offered by the IRS. Vercy uses the Internet, direct mail, and telemarketing to solicit clients for its tax relief services.

### B.    The Pending Actions

Between February 25, 2022 and June 29, 2022, the Pending Actions were filed against Vercy.  The only causes of action alleged in the Pending Actions are for or based on alleged violations of the Telephone Consumer Protection Act (the "TCPA"), § 47 U.S.C. 227.  Three of the Pending Actions are class action lawsuits.  The Pending Actions include two cases in the Central District of California, one case in the Eastern District of Arkansas, and one case in the Western District of Texas.

The TCPA regulates and places restrictions on telemarketing business solicitations.  The complaints allege virtually identical allegations that Vercy violated that TCPA by (1) Using an automatic telephone dialing system to initiate a call to plaintiff's cellular phone; (2) Called plaintiff when plaintiff's phone number was on the National "Do-Not-Call" ("DNC") Registry maintained by the Federal Trade Commission; (3) Initiated a telephone call to plaintiff using an artificial or prerecorded voice to deliver a message; (4) Vercy did not have plaintiff's prior written consent to make the call or have an established business relationship with plaintiff; and,

(5) Vercy's violations of the TCPA were knowing and willful.[1]

**III.**

**ARGUMENT AND AUTHORIES.**

**A.     Standard For Consolidation And Transfer**

28 U.S.C. § 1407 provides for the transfer and consolidation of pending civil actions for pretrial proceedings to Multidistrict Litigation proceedings when (1) there is one or more common questions of fact between civil actions pending in different districts; (2) the transfer will be for the convenience of the parties and witnesses; and, (3) the transfer will promote the just and efficient conduct of the actions to be consolidated. 28 U.S.C.A. § 1407(a) (West 2022); *see also In re Asbestos Prod. Liability. Litig. (No. VI)*, 771 F. Supp. 415 (J.P.M.L. 1991); *In re Griseofulvin Antitrust Litig.*, 395 F. Supp. 1402, 1403 (J.P.M.L. 1975).

**1.     The Pending Actions Raise The Exact Same Questions Of Fact**

Each of the cases filed against Vercy is virtually identical.[2]  Each of the complaints alleges one or more causes of action for violations of the TCPA or causes of action where the underlying facts and liability are based on a violation of the TCPA.  The cases raise the exact same questions of fact of whether Vercy violated the TCPA when it allegedly called plaintiffs. These questions of fact include: (1) Whether Vercy used an automatic telephone dialing system to initiate a call to plaintiffs' cellular phone; (2) Whether Vercy called plaintiffs when their phone numbers were on the DNC Registry; (3) Whether Vercy knew that plaintiffs' phone numbers were listed on the DNC; (4) Whether Vercy initiated a telephone call to plaintiffs using an artificial or prerecorded voice to deliver a message; (5) Whether or not Vercy had plaintiffs' prior written consent to make the calls or had an established business relationship with plaintiffs;

---

[1] In *Shane Scofield v. Vercy, L.L.C.*, California Central District case number 8:22-cv-01376, plaintiff alleges a cause of action based on a violation of the California Business & Professions Code § 17200. In *Erik Salaiz v. Vercy, L.L.C., et al.*, Western Texas District case number 3:22-cv-00224, plaintiff alleges a cause of action based on a violation of the Texas Business & Commerce Code § 305.053.  In both cases, plaintiffs' state law causes of action are not based on facts or legal theories separate from the alleged TCPA violations.  The causes of action are entirely based on alleged violations of the TCPA.

[2] Counsel for the class action cases appear to have filed almost identical complaints.

PHILLIPS LAW CORPORATION
801 PARKCENTER DRIVE, SUITE 105
SANTA ANA, CA 92705

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF VERCY, L.L.C.'S MOTION TO TRANSFER AND CONSOLIDATE FOR PRETRIAL PROCEEDINGS**

1    and, (6) Whether Vercy's alleged violations of the TCPA were knowing and willful.[3]

2        **2.    Transfer And Consolidation Of The Pending Actions In The United States**

3             **District Court For The Central District Of California Will Serve The**

4             **Convenience Of The Parties And Witnesses**

5        **a.    Transfer And Consolidation Will Serve The Convenience Of The**

6             **Parties And Witnesses By Facilitating The Efficient Conduct of**

7             **Discovery**

8        The primary factor when determining if transfer and consolidation under Section 1407

9    will be for the convenience of the parties and witnesses is whether transfer and consolidation is

10   necessary to facilitate the efficient conduct of common discovery. *In re Mirena IUS*

11   *Levonorgestrel-Related Prod. Liab. Litig. (No. II)*, 249 F.Supp.3d 1357, 1360 (J.P.L.M. 2017); *In*

12   *re: Wright Medical Tech. Inc. v. Conserve Hip Implant Products Liability Litig.*, 844 F.Supp.2d

13   1371, 1372 (J.P.L.M. 2012) (noting that transfer is warranted where centralization of discovery

14   will eliminate duplicative discovery, prevent inconsistent pretrial rulings on discovery); *In re*

15   *Tri-State Water Rights. Litig.,* 481 F.Supp.2d 1351, 1352 (J.P.M.L. 2007).  The Judicial Panel

16   has consistently emphasized the need for centralization to eliminate duplicative discovery,

17   prevent inconsistent pretrial discovery rulings in order to conserve the resources of the parties,

18   their counsel and the judiciary.  *In re: TLI Commc'ns LLC Pat. Litig*., 26 F.Supp.3d 1396, 1397

19   (J.P.M.L. 2014); *In re: £Maxim Integrated Prod., Inc., Pat. Litig.,* 867 F.Supp.2d 1333, 1334-35

20   (J.P.M.L. 2012).

21       Here, there is no question that transfer and consolidation under Section 1407 of the

22   Pending Actions will facilitate the efficient conduct of common discovery.  The Pending Actions

23   share common issues of fact regarding Vercy's alleged telephone solicitation and will involve

24   the exact same factual discovery.  The exact same documents will be produced in each of the

PHILLIPS LAW CORPORATION
801 PARKCENTER DRIVE, SUITE 105
SANTA ANA, CA 92705

---

[3] In *Shane Scofield v. Vercy, L.L.C.*, California Central District case number 8:22-cv-01376, plaintiff alleges a cause of action based on a violation of the California Business & Professions Code § 17200. In *Erik Salaiz v. Vercy, L.L.C., et al.*, Western Texas District case number 3:22-cv-00224, plaintiff alleges a cause of action based on a violation of the Texas Business & Commerce Code § 305.053.  In both cases, plaintiffs' state law causes of action are not based on facts or legal theories separate from the alleged TCPA violations.  The causes of action are entirely based on alleged violations of the TCPA.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF VERCY, L.L.C.'S MOTION TO
TRANSFER AND CONSOLIDATE FOR PRETRIAL PROCEEDINGS**

Pending Actions. The exact same witnesses will be deposed in each of the Pending Actions. The exact same interrogatories will be propounded in each of the Pending Actions. The transfer and consolidation of the Pending Actions will eliminate duplicative discovery. It will also prevent inconsistent pretrial rulings on discovery and conserve the resources of the parties, their counsel and the judiciary.

2. **Transfer And Consolidation Serves The Convenience Of The Parties And Witnesses Because The Relevant Documents And Witnesses Are Located In The Central District Of California**

The Judicial Panel considers where the underlying claims arose, the location of documents and the majority of the witnesses relevant to the underlying claims are located to determine if pending cases should be consolidated and transferred to a particular federal district court. *In re Equity Funding Corp. of America Securities Litig.*, 375 F.Supp. 1378, 1387 (J.P.M.L. 1973). Transfer and consolidation under Section 1407 to the district where the claims arose, and relevant documents and witnesses are located best serves the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. *Id.*

Here, the Pending Actions should be consolidated and transferred to the Southern Division for the Central District of California for the convenience of the parties and witnesses and promote the just and efficient conduct of the ligation for multiple reasons. First, two of the class actions are pending in the Southern Division for the Central District. Second, Vercy is a California limited liability company with its offices in the Southern Division. Third, Vercy's employees and other witnesses reside in the Southern Division for the Central District. Fourth, all of the documents to be produced by Vercy and reviewed by counsel are located in the Southern Division Central District. Moreover, transfer and consolidation in the Southern Division for the California Central District imposes no burden on plaintiffs because "a Section 1407 transfer is for pretrial proceedings only, there is usually no need for the parties and witnesses to travel to the transferee district for depositions or otherwise." *In re Bristol Bay, Alaska, Salmon Fishery Antitrust Litig.*, 424 F.Supp. 504, 506 (J.P.M.L. 1976).

///

PHILLIPS LAW CORPORATION
801 PARKCENTER DRIVE, SUITE 105
SANTA ANA, CA 92705

3. **Transfer And Consolidation Will Promote The Just And Efficient Conduct Of The Pending Actions Due To The Risk Of Conflicting And Inconsistent Ruling By Multiple Courts**

The Judicial Panel has consistently found that transfer and consolidation under Section 1407 will promote the just and efficient conduct of related actions where there is a risk of conflicting and inconsistent ruling by multiple courts on the same issue. *In re Butterfield Pat. Infringement*, 328 F.Supp. 513, 514–515 (J.P.M.L. 1970); *In re Fourth Class Postage Reguls.*, 298 F Supp. 1326, 1327 (J.P.M.L. 1969); *In re Concrete Pipe*, 302 F. Supp. 244, 255–56 (J.P.M.L. 1969). This consideration has been recognized as a basis for ordering cases to be transferred under 28 U.S.C. § 1404(a) to avoid the risk of injury to the parties by consistent judicial treatment. *In re Butterfield*, 328 F.Supp. at 514–515; *In re Fourth Class Postage*, 298 F Supp. at 1327.

a. **Congress And The Judicial Panel Have Indicated That Class Action Cases As Appropriate And Necessary For Transfer Due To The Risk Of Inconsistent And Conflicting Class Determinations**

Congress when enacting 28 U.S.C. § 1407 identified class action cases as those cases particularly appropriate for transfer and consolidation for Multidistrict Litigation proceedings. *In re Plumbing Fixture Cases*, 298 F.Supp. 484, 493 (J.P.M.L. 1968). The Judicial Panel has consistently recognized that transfer of class actions under Section 1407 is appropriate and necessary due to likelihood of conflicting and inconsistent class determinations under Rule 23 by courts in different jurisdictions. *In re First Nat. Bank, Oklahoma (First Mortgage Revenue Bonds) Securities Litig.*, 451 F.Supp. 995, 997 (J.P.M.L. 1978); *In re Piper Aircraft Distribution Sys. Antitrust Litig.*, 405 F.Supp. 1402, 1403–04 (J.P.M.L. 1975); *In re Natural Resources Fund, Inc. Securities Litig.*, 372 F.Supp. 1403, 1404 (J.P.M.L. 1974); *In re Equity Funding Corp. of America Securities Litig.*, 375 F.Supp. 1378, 1385-86 (J.P.M.L. 1973). As stated by the Judicial Panel on multiple occasions, class action cases under Federal Rule 23 present highly persuasive if not compelling cases for transfer and consolidation under Section 1407 due to the risk of inconsistent class determinations by different courts. *In re Natural Resources Fund*, 372 F.Supp.

- 7 -

at 1404 (holding that the presence Rule 23 class allegations presents "highly persuasive in not compelling reason[s] for transfer of all actions to a single judge."); *In re Equity Funding Corp.*, 375 F.Supp. at 1385-86 (holding that the transfer and consolidation of class action cases is appropriate if not necessary due to the possibility of conflicting and inconsistent class determinations).

Three (3) of the Pending Actions contain Rule 23 class allegations based upon various violations of the TCPA. The potential for inconsistent and/or conflicting class determinations is ready apparent. These conflicts include conflicting or inconsistent rulings on class issues, or defenses, the class claims, scope of the class, whether there is one or multiple classes, the parties in the class, and the class allegations. The transferee judge, with all of the claims and parties before the court, will have a clear picture of the scope and complexity of the litigation, essential to making the class determinations. Because of the potential if not likely conflict of class determinations by multiple courts, the Pending Actions should be transferred and consolidated to a single judge with the sole responsibility from making class determinations.

**b.** **There Is a Risk Of Inconsistent And/Or Conflicting Rulings On Motions For Summary Judgment**

It is well-settled that "pretrial proceedings" for cases transferred and consolidated under Section 1407 encompass ruling on motions for summary judgment. *In re Butterfield Pat. Infringement*, 328 F.Supp. 513, 514–515 (J.P.M.L. 1970); David F. Herr, MULTIDISTRICT LITIGATION MANUAL § 9:20 n4 (2014) (citing cases). The Judicial Panel has recognized that risk of inconsistent rulings on summary judgment motions by multiple courts is a compelling factor in favor of transfer and consolidation. *In re Butterfield*, 328 F.Supp. at 514.

Vercy intends to move for summary judgment or partial summary judgment on plaintiffs' causes of action for violations of the TCPA. Plaintiffs may also move for summary judgment or partial summary judgment on their claims or one or more of the defenses raised by Vercy. The outcome of the parties' motions should be consistent given that all the Pending Actions are based on alleged violations of the TCPA based on virtually identical factual allegations. The outcome may not be consistent in that the various courts before which the Pending Actions are pending

PHILLIPS LAW CORPORATION
801 PARKCENTER DRIVE, SUITE 105
SANTA ANA, CA 92705

may reach different results or make different factual rulings based on the same facts and law. If the Pending Actions are transferred, the result on any the parties' summary judgment motions would be the same for all parties and thus transfer is an appropriate means of avoiding injury to like parties caused by inconsistent judicial treatment of summary judgment motions on the same issues by multiple courts. *In re Butterfield*, 328 F.Supp. at 514.

**IV.**

**CONCLUSION**

For the foregoing reasons, Vercy respectfully requests that the Judicial Panel grant Vercy's Motion to Transfer and Consolidate for Pretrial and transfer and consolidate the Pending Actions listed on the Schedule of Actions filed herewith to the Southern Division for the United States District Court for the Central District of California.

PHILLIPS LAW CORPORATION

DATED: August 8, 2022         By: *Brent R. Phillips*

BRENT R. PHILLIPS
801 Parkcenter Drive, Suite 105
Santa Ana, CA 92705
Tel: (714) 573-4087
Fax: (714) 586-5499
E-mail: bphillips@phillipslawcorporation.com

Attorneys for Defendant
VERCY, LLC

PHILLIPS LAW CORPORATION
801 PARKCENTER DRIVE, SUITE 105
SANTA ANA, CA 92705

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF VERCY, L.L.C.'S MOTION TO TRANSFER AND CONSOLIDATE FOR PRETRIAL PROCEEDINGS



Brent R. Phillips (SBN 235753)
Ronald A. Gorrie (SBN 180477)
PHILLIPS LAW CORPORATION
801 Parkcenter Drive, Suite 105
Santa Ana, CA 92705
Tel: (714) 573-4087
Fax: (714) 586-5499
E-mail: bphillips@phillipslawcorporation.com

Attorneys for Defendant VERCY L.L.C.

**BEFORE THE UNITED STATES JUDICIAL PANEL**

**ON MULTIDISTRICT LITIGATION**

|  |  |
|---|---|
| **IN RE VERCY, L.C.C. TELEPHONE CONSUMER PROTECTION ACT LITIGATION** | MDL Case No.:<br><br>**SCHEDULE OF ACTIONS** |

///

///

///

///

///

///

///

///

///

///

**SCHEDULE OF ACTIONS**

| | Case Caption | District Court and Division | Civil Action Number | Judge |
|---|---|---|---|---|
| 1. | *Richard Wayne Glover, individually and on behalf of all other similarly situated, v. Vercy, L.L.C.* | Central District of California / Southern Division | 8:22-cv-01157-CJC-JDE | Judge Cormac J. Carny |
| 2. | *Shane Scofield, individually and on behalf of all others similarly situated, v. Vercy, L.L.C.* | Central District of California / Southern Division | 8:22-cv-01376-DOC-ADS | Judge David O. Carter |
| 3. | *Virginia Johnson-Gruver, individually and on behalf of other similarly situated v. Vercy, L.L.C.* | Western District of Arkansas / Northern Division | 3:22-cv-00047-KGB | Judge Kristine G. Baker |
| 4. | *Erik Salaiz v. Vercy, L.L.C.and Nader Sepehr* | Western District of Texas / El Paso Division | 3:22-cv-00224-DB | Judge David Briones |

PHILLIPS LAW CORPORATION

DATED: August 8, 2022

By: *Brent R. Phillips*

BRENT R. PHILLIPS
801 Parkcenter Drive, Suite 105
Santa Ana, CA 92705
Tel: (714) 573-4087
Fax: (714) 586-5499
E-mail: bphillips@phillipslawcorporation.com

Attorneys for Defendant
VERCY, LLC

SCHEDULE OF ACTIONS

1    Brent R. Phillips (SBN 235753)
     Ronald A. Gorrie (SBN 180477)
2    PHILLIPS LAW CORPORATION
     801 Parkcenter Drive, Suite 105
3    Santa Ana, CA 92705
     Tel: (714) 573-4087
4    Fax: (714) 586-5499
     E-mail: bphillips@phillipslawcorporation.com
5
     Attorneys for Defendant VERCY L.L.C.
6

7

8                      BEFORE THE UNITED STATES JUDICIAL PANEL

9                            ON MULTIDISTRICT LITIGATION

10                                           |
                                             |   MDL Case No.:
11                                           |
                                             |
12                                           |   PROOF OF SERVICE
                                             |
13   IN RE VERCY, L.C.C. TELEPHONE           |
     CONSUMER PROTECTION ACT                 |
14   LITIGATION                              |
                                             |
15                                           |
                                             |
16                                           |
                                             |
17                                           |
                                             |
18   _____|

19

20

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28

**PROOF OF SERVICE**

## **PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is PHILLIPS LAW CORPORATION, 801 Parkcenter Drive, Suite 801, Santa Ana, California 92705.

On August 8, 2022, I served by United States Mail with postage thereon fully paid to the following parties:

| | |
|---|---|
| Mark L. Javitch, Esq.<br>JAVITCH LAW OFFICE<br>480 S. Ellsworth Avenue<br>San Mateo, CA 94401<br>Tel: (650) 781-8000<br>Fax: (650) 648-0705<br>E-mail: mark@javitchlawoffice.com | **Attorneys for Plaintiff BEN FABRIKANT individually and on behalf of all other similarly situated** |
| Erik Salaiz<br>319 Valley Fair Way<br>El Paso, TX 79907<br>Tel: (915) 490-0898<br>E-mail: salaiz.ep@gmail.com | **Pro Se** |
| Jason Ryburn, Esq.<br>RYBURN LAW FIRM<br>650 S. Shackleford Road, Suite 231<br>Little Rock, AR 72211<br>Tel: (501) 228-8100<br>Fax: (501) 228-7300<br>E-mail: jason@ryburnlawfirm.com<br><br>Anthony I. Paronich, Esq.<br>PARONICH LAW P.C.<br>350 Lincoln Street, Suite 2400<br>Hingham, MA 02043<br>Tel: (617) 485-0018<br>Fax: (508) 318-8100<br>E-mail: anthony@paronichlaw.com | **Attorneys for Plaintiff VIRGINIA JOHNSON-GRUVER individually and on behalf of all other similarly situated** |
| Rachel Blyumkin, Esq.<br>1001 Wilshire Blvd., Suite 2236<br>Los Angeles, CA 90017<br>Tel: (833) 952-9669<br>E-mail: rachel@thedebtdefense.com | **Attorneys for Plaintiff RICHARD WAYNE GLOVER individually and on behalf of all other similarly situated** |

- 2 -
**PROOF OF SERVICE**

the following document(s) listed below:

**VERCY, L.L.C.'S NOTICE OF MOTION AND MOTION TO TRANSFER AND CONSOLIDATE FOR PRETRIAL PROCEEDINGS**

**VERCY, L.L.C.'S MOTION TO TRANSFER AND CONSOLIDATE FOR PRETRIAL**

**SCHEDULE OF ACTIONS**

**PROOF OF SERVICE**

    ☐ [State] I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

    ☒ [Federal] I declare that I am employed in the office of a member of the bar of this Court at which direction the service was made.

Executed on August 8, 2022, at Santa Ana, California.

_Sandra Torres_
Sandra Torres

**PROOF OF SERVICE**

PHILLIPS LAW CORPORATION
801 PARKCENTER DRIVE, SUITE 105
SANTA ANA, CA 92705

**(Case No. 8:22-cv-01157-CJC-JDE)**

# EXHIBIT 1

ACCO,(JDEx),DISCOVERY,MANADR

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA (Southern Division - Santa Ana)
### CIVIL DOCKET FOR CASE #: 8:22-cv-01157-CJC-JDE

Richard Glover v. Vercy L.L.C. et al

Assigned to: Judge Cormac J. Carney

Referred to: Magistrate Judge John D. Early

Cause: 47:227 Restrictions of Use of Telephone Equipment

Date Filed: 06/13/2022

Jury Demand: Both

Nature of Suit: 485 Telephone Consumer Protection Act (TCPA)

Jurisdiction: Federal Question

**Plaintiff**

**Richard Wayne Glover**
*individually and on behalf of all others similarly situated*

represented by **Rachel Blyumkin**
Law Offices of Rachel Blyumkin
1001 Wilshire Boulevard Suite 2236
Los Angeles, CA 90017
833-952-9669
Email: rachel@thedebtdefense.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Vercy L.L.C.**

represented by **Ronald A Gorrie**
Phillips Law Corporation
801 Park Center Drive Suite 105
Santa Ana, CA 92705
714-573-4087
Fax: 714-586-5499
Email: jacobsongorrie@gmail.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Brent R Phillips**
Phillips Law Corporation
801 Parkcenter Drive Suite 105
Santa Ana, CA 92705
714-573-4087
Fax: 714-586-5499
Email:
bphillips@phillipslawcorporation.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Does**
*1 through 10, inclusive, and each of them*

| Date Filed | # | Docket Text |
| --- | --- | --- |

| 06/13/2022 | 1 | COMPLAINT Receipt No: ACACDC-33463355 - Fee: $402, filed by Plaintiff Richard Wayne Glover. (Attorney Rachel Blyumkin added to party Richard Wayne Glover(pty:pla))(Blyumkin, Rachel) (Entered: 06/13/2022) |
|---|---|---|
| 06/13/2022 | 2 | CIVIL COVER SHEET filed by Plaintiff Richard Wayne Glover. (Blyumkin, Rachel) (Entered: 06/13/2022) |
| 06/13/2022 | 3 | NOTICE of Interested Parties filed by Plaintiff Richard Wayne Glover, (Blyumkin, Rachel) (Entered: 06/13/2022) |
| 06/13/2022 | 4 | Request for Clerk to Issue Summons on Complaint (Attorney Civil Case Opening) 1 filed by Plaintiff Richard Wayne Glover. (Blyumkin, Rachel) (Entered: 06/13/2022) |
| 06/14/2022 | 5 | NOTICE OF ASSIGNMENT to District Judge Cormac J. Carney and Magistrate Judge John D. Early. (sh) (Entered: 06/14/2022) |
| 06/14/2022 | 6 | NOTICE TO PARTIES OF COURT-DIRECTED ADR PROGRAM filed. (sh) (Entered: 06/14/2022) |
| 06/14/2022 | 7 | Notice to Counsel Re Consent to Proceed Before a United States Magistrate Judge. (sh) (Entered: 06/14/2022) |
| 06/14/2022 | 8 | 21 DAY Summons Issued re Complaint (Attorney Civil Case Opening) 1 as to Defendant Vercy L.L.C.. (sh) (Entered: 06/14/2022) |
| 07/11/2022 | 9 | ANSWER to Complaint (Attorney Civil Case Opening) 1 with JURY DEMAND filed by Defendant Vercy L.L.C..(Attorney Brent R Phillips added to party Vercy L.L.C.(pty:dft)) (Phillips, Brent) (Entered: 07/11/2022) |
| 07/11/2022 | 10 | CERTIFICATE of Interested Parties filed by Defendant Vercy L.L.C., (Phillips, Brent) (Entered: 07/11/2022) |
| 07/12/2022 | 11 | NOTICE OF INTENT by Judge Cormac J. Carney. Scheduling order to be issued on September 15, 2022. (rrp) (Entered: 07/12/2022) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 08/04/2022 20:02:55 | | |
| **PACER Login:** | PhillipsLawCorporation | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 8:22-cv-01157-CJC-JDE End date: 8/4/2022 |
| **Billable Pages:** | 2 | **Cost:** | 0.20 |

1  Rachel Blyumkin (SBN: 326718)
   Email: rachel@thedebtdefense.com
2  1001 Wilshire Boulevard, Suite 2236
3  Los Angeles California 90017
   Tel: 833-952-9669
4

5  Attorneys for Plaintiff,
6  Richard Wayne Glover

7            UNITED STATES DISTRICT COURT
8            CENTRAL DISTRICT OF CALIFORNIA
9

10  RICHARD WAYNE GLOVER,                    Case No.:    8:22-cv-01157
11  individually and on behalf of all others
    similarly situated,
12                                           **CLASS ACTION**
13                                           
14                  Plaintiff,               **COMPLAINT FOR VIOLATIONS OF:**
                                                 1. **TELEPHONE CONSUMER**
15                                                  **PROTECTION ACT [47 U.S.C.**
            v.                                      **§227(b)]**
16                                               2. **VIOLATIONS OF THE**
17  VERCY L.L.C. and DOES 1 through 10,             **TELEPHONE CONSUMER**
    inclusive, and each of them,                    **PROTECTION ACT [47 U.S.C.**
18                                                  **§227(c)]**
19
                    Defendant(s).
20

21

22                                           **JURY TRIAL DEMANDED**
23

24

25

26

27

28

**CLASS ACTION COMPLAINT**

RICHARD WAYNE GLOVER ("Plaintiff"), individually and on behalf of all others similarly situated, alleges the following upon information and belief based upon personal knowledge

## NATURE OF THE CASE

1.     Plaintiff brings this action individually and on behalf of all others similarly situated seeking damages and any other available legal or equitable remedies resulting from the illegal actions of VERCY L.L.C. ("Defendant"), in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act, 47. U.S.C. § 227 et seq. ("TCPA") and related regulations, thereby invading Plaintiff's privacy.

## JURISDICTION AND VENUE

2.     Jurisdiction is proper under 28 U.S.C. § 1332(d)(2) because Plaintiff, a resident of Kansas, seeks relief on behalf of a Class, which will result in at least one class member belonging to a different state than that of Defendant, a company with its principal place of business in the State of California, and incorporated in the state of California. Plaintiff also seeks up to $1,500.00 in damages for each call in violation of the TCPA, which, when aggregated among a proposed class in the thousands, exceeds the $5,000,000.00 threshold for federal court jurisdiction. Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction. The Court further has jurisdiction as Plaintiff seeks redress under Federal Statutes of the United States of America.

3.     Venue is proper in the United States District Court for the Central District of California pursuant to 18 U.S.C. 1391(b) and 18 U.S.C. § 1441(a) because Defendant does business within the State of California.

## PARTIES

4.     Plaintiff is a natural person residing in Kansas and is a "person" as defined by 47 U.S.C. § 153 (39).

2

**CLASS ACTION COMPLAINT**

1   5.     Defendant is a tax relief agency selling and soliciting tax relief services

2  aimed at consumers and is a "person" as defined by 47 U.S.C. § 153 (39).

3   6.     The named Defendant, and its subsidiaries and agents, are collectively

4  referred to as "Defendants." The true names and capacities of the Defendants sued

5  herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to

6  Plaintiff, who therefore sues such Defendants by fictitious names. Each of the

7  Defendants designated herein as a DOE is legally responsible for the unlawful acts

8  alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the

9  true names and capacities of the DOE Defendants when such identities become known.

10   7.     Plaintiff is informed and believes that at all relevant times, each and every

11  Defendant was acting as an agent and/or employee of each of the other Defendants and

12  was acting within the course and scope of said agency and/or employment with the full

13  knowledge and consent of each of the other Defendants. Plaintiff is informed and

14  believes that each of the acts and/or omissions complained of herein was made known

15  to, and ratified by, each of the other Defendants.

16  ## **FACTUAL ALLEGATIONS**

17   8.     Beginning in or around September 2021, Defendant contacted Plaintiff on

18  Plaintiff's cellular telephone number ending in 8888, in an attempt to solicit Plaintiff

19  to purchase or utilize Defendant's service.

20   9.     Defendant utilized an "artificial or prerecorded voice" as prohibited by 47

21  U.S.C. § 227(b)(1)(A) during its solicitation calls to Plaintiff.

22   10.     When Plaintiff answered the call, or if Plaintiff did not answer the call and

23  it went to voicemail, Defendant had various male and female voices, all prerecorded,

24  say the same exact sales script nearly verbatim, if not verbatim.

25   11.     Defendant contacted or attempted to contact Plaintiff from telephone

26  number (855) 441-1421, and others.

27   12.     Defendant's calls constituted calls that were not for emergency purposes

28  as defined by 47 U.S.C. § 227(b)(1)(A).

**CLASS ACTION COMPLAINT**

13. Defendant's calls were placed to telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

14. During all relevant times, Defendant did not possess Plaintiff's "prior express consent" nor had a prior established business relationship with Plaintiff to receive calls using an artificial or prerecorded voice on her cellular telephone pursuant to 47 U.S.C. § 227(b)(1)(A).

15. Such calls constitute solicitation calls pursuant to 47 C.F.R. § 64.1200(c)(2) as they were attempts to promote or sell Defendant's services.

16. Plaintiff received numerous solicitation calls from Defendant within a 12-month period.

17. During the calls Defendant placed to Plaintiff's cellular phone, Defendant's agents identified themselves as calling from Defendant's business.

18. Plaintiff alleges on information and belief that Defendant employs scraping technology to collect phone numbers off of publicly listed websites, in an effort to generate sales leads. However, Defendant uses automated prerecorded voice technology to place these calls, without obtaining the prior express consent of the recipient of the call.

19. Defendant's automated calls are a widespread public nuisance, and have been the subject of various complaints on online forums.

20. Plaintiff, like the other putative class members whom he seeks to represent, has no prior established business relationship with Defendant, and has never provided Defendant with his phone number.

## CLASS ALLEGATIONS

21. Plaintiff brings this action individually and on behalf of all others similarly situated, as a member the two proposed classes (hereafter, jointly, "The Classes"). The class concerning the Prerecorded Voice claims for no prior express consent (hereafter "The PRV Class") is defined as follows:

4

1           All persons within the United States who received any

2           solicitation/telemarketing telephone calls from Defendant to said

3           person's cellular telephone made through the use of any

4           prerecorded voice and such person had not previously consented

5           to receiving such calls within the four years prior to the filing of

6           this Complaint

7      22.    Plaintiff represents, and is a member of, The PRV Class, consisting of all

8 persons within the United States who received any collection telephone calls from

9 Defendant to said person's cellular telephone made through the use of any artificial or

10 prerecorded voice and such person had not previously provided their cellular telephone

11 number to Defendant within the four years prior to the filing of this Complaint.

12      23.    Defendant, its employees and agents are excluded from The Classes.

13 Plaintiff does not know the number of members in The Classes, but believes the Classes

14 members number in the thousands, if not more. Thus, this matter should be certified as

15 a Class Action to assist in the expeditious litigation of the matter.

16      24.    The Classes are so numerous that the individual joinder of all of its

17 members is impractical. While the exact number and identities of The Classes members

18 are unknown to Plaintiff at this time and can only be ascertained through appropriate

19 discovery, Plaintiff is informed and believes and thereon alleges that The Classes

20 includes thousands of members. Plaintiff alleges that The Classes members may be

21 ascertained by the records maintained by Defendant.

22      25.    Plaintiff and members of The PRV Class were harmed by the acts of

23 Defendant in at least the following ways: Defendant illegally contacted Plaintiff and

24 PRV Class members via their cellular telephones thereby causing Plaintiff and PRV

25 Class members to incur certain charges or reduced telephone time for which Plaintiff

26 and PRV Class members had previously paid by having to retrieve or administer

27 messages left by Defendant during those illegal calls, and invading the privacy of said

28 Plaintiff and PRV Class.

**CLASS ACTION COMPLAINT**

26.     Common questions of fact and law exist as to all members of The PRV Class which predominate over any questions affecting only individual members of The PRV Class. These common legal and factual questions, which do not vary between PRV Class members, and which may be determined without reference to the individual circumstances of any PRV Class members, include, but are not limited to, the following:

a.  Whether, within the four years prior to the filing of this Complaint, Defendant made any telemarketing/solicitation call (other than a call made for emergency purposes or made with the prior express consent of the called party) to a PRV Class member using any automatic telephone dialing system or any artificial or prerecorded voice to any telephone number assigned to a cellular telephone service

b.  Whether Plaintiff and the PRV Class members were damaged thereby, and the extent of damages for such violation; and

c.  Whether Defendant should be enjoined from engaging in such conduct in the future.

27.     As a person that received numerous telemarketing/solicitation calls from Defendant using an artificial or prerecorded voice, without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of The PRV Class.

28.     Plaintiff will fairly and adequately protect the interests of the members of The Classes. Plaintiff has retained attorneys experienced in the prosecution of class actions.

29.     A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Classes members is impracticable. Even if every Classes member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments

**CLASS ACTION COMPLAINT**

1    and would magnify the delay and expense to all parties and to the court system resulting

2    from multiple trials of the same complex factual issues. By contrast, the conduct of this

3    action as a class action presents fewer management difficulties, conserves the resources

4    of the parties and of the court system, and protects the rights of each Classes member.

5        30.    The prosecution of separate actions by individual Classes members would

6    create a risk of adjudications with respect to them that would, as a practical matter, be

7    dispositive of the interests of the other Classes members not parties to such

8    adjudications or that would substantially impair or impede the ability of such non-party

9    Class members to protect their interests.

10        31.    Defendant has acted or refused to act in respects generally applicable to

11    The Classes, thereby making appropriate final and injunctive relief with regard to the

12    members of the Classes as a whole.

13    ### FIRST CAUSE OF ACTION

14    **Negligent Violations of The Telephone Consumer Protection Act**

15    **47 U.S.C. §227(b).**

16    **On Behalf of the PRV Class**

17        32.    Plaintiff repeats and incorporates by reference into this cause of action the

18    allegations set forth above at Paragraphs 1-31.

19        33.    The foregoing acts and omissions of Defendant constitute numerous and

20    multiple negligent violations of the TCPA, including but not limited to each and every

21    one of the above cited provisions of 47 U.S.C. § 227(b), and in particular 47 U.S.C. §

22    227 (b)(1)(A).

23        34.    As a result of Defendant's negligent violations of 47 U.S.C. § 227(b),

24    Plaintiff and the Class Members are entitled an award of $500.00 in statutory damages,

25    for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

26        35.    Plaintiff and the PRV Class members are also entitled to and seek

27    injunctive relief prohibiting such conduct in the future.

28    ### SECOND CAUSE OF ACTION

**Knowing and/or Willful Violations of The Telephone Consumer Protection Act**

**47 U.S.C. §227(b).**

**On Behalf of the PRV Class**

36.     Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-35.

37.     The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227(b), and in particular 47 U.S.C. § 227 (b)(1)(A).

38.     As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b), Plaintiff and the PRV Class members are entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

39.     Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant for:

## FIRST CAUSE OF ACTION

1.     As a result of Defendant's negligent violations of 47 U.S.C. §227(b)(1), Plaintiff and the PRV Class members are entitled to and request $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B).

2.     Any and all other relief that the Court deems just and proper.

## SECOND CAUSE OF ACTION

3.     As a result of Defendant's willful and/or knowing violations of 47 U.S.C. §227(b)(1), Plaintiff and the PRV Class members are entitled to and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B) and 47 U.S.C. §227(b)(3)(C).

4.     Any and all other relief that the Court deems just and proper.

8

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues triable by a jury.

DATED: June 13, 2022

By:   /s/ Rachel Blyumkin
Rachel Blyumkin
Attorney for Plaintiff
Richard Wayne Glover

9

**(Case No. 8:22-cv-01376-DOC-ADS)**

# EXHIBIT 2

ACCO,(ADSx),DISCOVERY,MANADR

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA (Southern Division - Santa Ana)
### CIVIL DOCKET FOR CASE #: 8:22-cv-01376-DOC-ADS

Shane Scofield v. Vercy LLC et al
Assigned to: Judge David O. Carter
Referred to: Magistrate Judge Autumn D. Spaeth
Cause: 47:227 Restrictions of Use of Telephone Equipment

Date Filed: 07/26/2022
Jury Demand: Plaintiff
Nature of Suit: 485 Telephone Consumer
Protection Act (TCPA)
Jurisdiction: Federal Question

**Plaintiff**

**Shane Scofield**
*individually and on behalf of all others
similarly situated*

represented by **Mark Louis Javitch**
Javitch Law Office
3 East 3rd Avenue Suite 200
San Mateo, CA 94401
650-781-8000
Email: mark@javitchlawoffice.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Vercy LLC**
*a California limited liability company*

**Defendant**

**John Doe**
*an unknown business entity*

| Date Filed | # | Docket Text |
|---|---|---|
| 07/26/2022 | 1 | COMPLAINT Receipt No: ACACDC-33695790 - Fee: $402, filed by plaintiff Shane Scofield. (Attorney Mark Louis Javitch added to party Shane Scofield(pty:pla))(Javitch, Mark) (Entered: 07/26/2022) |
| 07/26/2022 | 2 | CIVIL COVER SHEET filed by Plaintiff Shane Scofield. (Javitch, Mark) (Entered: 07/26/2022) |
| 07/26/2022 | 3 | CERTIFICATE of Interested Parties filed by Plaintiff Shane Scofield, identifying None. (Javitch, Mark) (Entered: 07/26/2022) |
| 07/26/2022 | 4 | Request for Clerk to Issue Summons on Complaint (Attorney Civil Case Opening) 1 filed by plaintiff Shane Scofield. (Javitch, Mark) (Entered: 07/26/2022) |
| 07/27/2022 | 5 | NOTICE OF ASSIGNMENT to District Judge David O. Carter and Magistrate Judge Autumn D. Spaeth. (et) (Entered: 07/27/2022) |
| 07/27/2022 | 6 | NOTICE TO PARTIES OF COURT-DIRECTED ADR PROGRAM filed. (et) (Entered: 07/27/2022) |

| 07/27/2022 | 7 | Notice to Counsel Re Consent to Proceed Before a United States Magistrate Judge. (et) (Entered: 07/27/2022) |
| 07/27/2022 | 8 | 21 DAY Summons Issued re Complaint (Attorney Civil Case Opening) 1 as to Defendant Vercy LLC. (et) (Entered: 07/27/2022) |
| 08/02/2022 | 9 | PROOF OF SERVICE Executed by Plaintiff Shane Scofield, upon Defendant Vercy LLC served on 7/27/2022, answer due 8/17/2022. Service of the Summons and Complaint were executed upon Registered Agent in compliance with Federal Rules of Civil Procedure by personal service.Original Summons returned. (Javitch, Mark) (Entered: 08/02/2022) |

### PACER Service Center

**Transaction Receipt**

08/04/2022 20:04:01

| PACER Login: | PhillipsLawCorporation | Client Code: | |
| Description: | Docket Report | Search Criteria: | 8:22-cv-01376-DOC-ADS End date: 8/4/2022 |
| Billable Pages: | 2 | Cost: | 0.20 |

Mark L. Javitch (CA SBN 323729)
Javitch Law Office
480 S. Ellsworth Ave
San Mateo, CA 94401
Telephone: (650) 781-8000
Facsimile: (650) 648-0705
mark@javitchlawoffice.com

*Attorney for Plaintiff
and the Putative Class*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| SHANE SCOFIELD, individually and on behalf of all others similarly situated,<br><br>                Plaintiff,<br>v.<br><br>VERCY L.L.C., a California limited liability company, and JOHN DOE, an unknown business entity,<br><br>              Defendants. | Case No.: 8:22-cv-01376<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

# CLASS ACTION COMPLAINT

1.      Plaintiff SHANE SCOFIELD ("Plaintiff") brings this Class Action Complaint and Demand for Jury Trial against Defendant VERCY, L.L.C. ("Vercy Tax") and Defendant JOHN DOE ("John Doe" or together, "Defendants") to stop their illegal practice of calling cellular telephones of consumers and playing prerecorded voice messages, and to obtain redress for all persons injured by their conduct. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorney.

## NATURE OF THE ACTION

2.      Vercy Tax is a tax debt relief service. As a part of their marketing, Vercy Tax calls thousands of consumers and played artificial or prerecorded voice messages advertising their tax services.

3.      Defendants did not obtain express written consent prior to placing these artificial or prerecorded voice calls and, therefore, are in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

4.      Congress enacted the TCPA in 1991 to restrict the use of sophisticated telemarketing equipment that could target consumers *en masse*.  Congress found that these calls were not only a nuisance and an invasion of privacy to consumers specifically but were also a threat to interstate commerce generally.  See S. Rep. No. 102-178, at 2-3 (1991), as reprinted in 1991 U.S.C.C.A.N. 1968, 1969-71.

5.      The TCPA targets unauthorized calls playing prerecorded voices exactly like the ones alleged in this case, based on Defendants' use of technological equipment to spam consumers with its advertising on a grand scale.

6.      By placing the calls at issue, Defendants violated the privacy and statutory rights of Plaintiff and members of the Class.

CLASS ACTION COMPLAINT                    1                    __8:22-cv-01376

7.      Plaintiff therefore seeks an injunction requiring Defendants to stop its unconsented calling, as well as an award of actual and statutory fines to members of the Class, together with costs and reasonable attorneys' fees.

## PARTIES

8.      Plaintiff SHANE SCOFIELD is a natural person and is a citizen of Greeley, Colorado.

9.      Defendant VERCY L.L.C. is a California limited liability company.

10.     Defendant John Doe is an unknown business entity.

## JURISDICTION AND VENUE

11.     This Court has federal subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, which is a federal statute.

12.     This Court has general jurisdiction over Vercy Tax because Vercy Tax resides in this District.

13.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) because the Defendant resides in this District.

## COMMON FACTUAL ALLEGATIONS

14.     Defendant Vercy Tax sells tax debt relief services.

15.     Vercy Tax hired John Doe to place calls to thousands of phones numbers of Plaintiff and the Class.

16.     The calls were unsolicited and played a prerecorded voice advertising Vercy's commercial services.

17.     Defendants failed to obtain consent from Plaintiff and the Class before bombarding them with these illegal calls.

## FACTS SPECIFIC TO PLAINTIFF

18.     On or around November 15, 2021, Plaintiff started to receive unsolicited phone calls from Vercy Tax.

19. On May 13, 2022, Plaintiff received a pre-recorded voice mail message on his cellular telephone number ending in 5104 from "Michelle" that advertised services to resolve tax debt.

20. Upon returning the call, he was connected to "Brooklyn McBridge" who identified the company as Vercy Tax.

21. Plaintiff also received an email from Vercy.

22. On May 23, 2022, and again on May 27, 2022, Plaintiff sent Vercy a letter requesting to be added to their Do Not call List, their Do Not Call policy and his consent record, but Vercy did not respond.

23. On May 31, 2022, Plaintiff received two more calls from Vercy.

24. In total, Plaintiff received approximately 15 (fifteen) calls from Vercy.

25. Plaintiff has been registered on the federal and state Do Not Call registry since January 27, 2022.

26. Plaintiff never consented to receive calls from Defendants. Plaintiff had never heard of Defendants and had no relationship whatsoever with Defendants prior to these interactions.

27. Defendants' calls violated Plaintiff's statutory rights and caused actual and statutory damages.

28. In addition to causing statutory damages, these illegal calls caused annoyance, intrusion on privacy and seclusion, wasted battery life and time to Plaintiff

## CLASS ALLEGATIONS

29. Class Definition: Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of Plaintiff and the class defined as follows:

**TCPA Class**. All persons who: (1) from the last 4 years to present (2) whose cellular phones were called (3) and played a prerecorded voice (3) to promote Defendants' products or services;

**DNC List Class**. All persons in the United States who: (1) from the last 4 years to present (2) received at least two phone calls within a 12 month period; (3) on his or

her telephone number that was registered on the Do Not Call list; (4) for the purpose of selling Defendants' products and/or services.

30.    The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendants, Defendants' subsidiaries, parents, successors, predecessors, and any entity in which the Defendants or their parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendants' counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

31.    **Numerosity**: The exact number of members of the Class is unknown and not available to Plaintiff, but it is clear that individual joinder is impracticable. On information and belief, Defendants placed telephone calls to thousands of consumers who fall into the definition of the Class. Members of the Class may be identified through Defendants' records.

32.    **Typicality**: Plaintiff's claims are typical of the claims of other members of the Class, in that Plaintiff and members of the Class sustained damages arising out of Defendants' uniform wrongful conduct and unsolicited telephone calls.

33.    **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiff's claims are asserted in a representative capacity on behalf of the other members of the Class. Plaintiff has no interests antagonistic to the interests of the other members of the proposed Class and is subject to no unique defenses. Plaintiff has retained competent counsel to prosecute the case on behalf of Plaintiff and the proposed Class. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so.

CLASS ACTION COMPLAINT                    4                        8:22-cv-01376

34.    **Policies Generally Applicable to the Class**: This class action is appropriate for certification because Defendants have acted or refused to act on grounds applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final injunctive relief appropriate with respect to the Class as a whole. Defendants' practices challenged herein apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinge on  Defendants' conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

35.    **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

      a.    Whether the phone calls played a prerecorded voice;

      b.    Whether Defendants obtained written express consent prior to the calls;

      c.    Whether Defendants maintain and train on a written telemarketing policy;

      d.    Whether Defendants' conduct was *willing* and/or *knowing*;

      e.    Whether members of the Class are entitled to treble damages.

36.    **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy as joinder of all parties is impracticable. The damages suffered by the individual members of the Class are likely be relatively small and impossible to recover, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendants' misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation

would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered, and uniformity of decisions ensured.

## FIRST CAUSE OF ACTION
### Violation of 47 U.S.C. § 227(b)
### (On behalf of Plaintiff and the TCPA Class)

37.    Plaintiff incorporates the foregoing allegations as if fully set forth herein.

38.    Plaintiff and the TCPA Class members received unsolicited phone calls to their cellular telephones.

39.    The calls played a prerecorded voice advertising Vercy Tax's tax debt relief services.

40.    As a result of its unlawful conduct, Defendants repeatedly invaded Plaintiff's and the TCPA Class's personal privacy, causing them to suffer damages and, under 47 U.S.C. § 227(b)(3)(B), entitling them to recover $500 in civil fines for each violation and an injunction requiring Defendants to stop its illegal calling campaign.

41.    Defendants made the violating calls "willfully" and/or "knowingly" under 47 U.S.C. § 227(b)(3)(C).

42.    If the Court finds that Defendants willfully and/or knowingly violated this subsection, the court may increase the civil fine from $500 to $1500 per violation under 47 U.S.C. § 227(b)(3)(C).

## SECOND CAUSE OF ACTION
### Violation of 47 U.S.C. § 227(c)
### Do Not Call Provision
### (On behalf of Plaintiff and the DNC Class)

47.    Plaintiff incorporates the foregoing allegations as if fully set forth herein.

48.    The telephone numbers of Plaintiff and the DNC Class are registered on the Do Not Call Registry.

49.     Defendants called Plaintiff's and the Class members' DNC-registered telephones twice or more within a twelve month period without having their prior written consent to do so and without an established business relationship.

50.     The foregoing acts and omissions of Defendant and/or their agents constitute multiple violations of the TCPA, 47 U.S.C. § 227(c), by making telemarketing solicitations to residential and wireless telephone numbers listed on the Federal Government's National Do Not Call Registry. 47 C.F.R. § 64.1200(c)(2).

51.     Defendants' calls were made for a commercial purpose.

52.     Plaintiff is entitled to an award of at least $500 in damages for each such violation.  47 U.S.C. § 227(c)(5)(B).

53.     Plaintiff is entitled to an award of up to $1,500 in damages for each such knowing or willful violation. 47 U.S.C. § 227(c)(5).

54.     Plaintiff also seeks a permanent injunction prohibiting Defendant and their agents from making telemarketing solicitations to residential and wireless telephone numbers listed on the Federal Government's National Do Not Call Registry.

### THIRD CAUSE OF ACTION
**Violation of § 64.1200(d)(1)**
**Failure to Maintain Written Telemarketing Policy**
**(On behalf of Plaintiff and the TCPA and DNC Classes)**

55.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

56.     47 CFR 64.1200(d)(1) requires that Defendants maintain a written telemarketing policy, available upon demand, for maintaining a do-not-call list.

57.     Defendants failed to fulfill this requirement, resulting in violations against Plaintiff and the Class.

58.     Plaintiff is entitled to an award of at least $500 in damages for each such violation.  47 U.S.C. § 227(c)(5)(B).

59.     Plaintiff is entitled to an award of up to $1,500 in damages for each such knowing or willful violation. 47 U.S.C. § 227(c)(5).

60.     Plaintiff also seeks a permanent injunction requiring Defendants to maintain a written telemarketing policy.

**FOURTH CAUSE OF ACTION**
**Violation of § 64.1200(d)(2)**
**Failure to Train Telemarketing Personnel**
**(On behalf of Plaintiff and the TCPA and DNC Classes)**

61.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

62.     47 CFR 64.1200(d)(2) requires that Defendants train their personnel engaged in telemarketing on the written policy and the existence of the Do Not Call Policy.

63.     Defendants did not do so, resulting in violations against Plaintiff.

64.     Plaintiff is entitled to an award of at least $500 in damages for each such violation.  47 U.S.C. § 227(c)(5)(B). Plaintiff seeks $1,500 in damages for each such knowing or willful violation. 47 U.S.C. § 227(c)(5).

65.     Plaintiff also seeks a permanent injunction requiring Defendants to train their telemarketing personnel.

### FIFTH CAUSE OF ACTION
**Unlawful Prong of California Unlawful Competition Law**
**Cal. Bus. & Prof. Code §17200**
**(Against all Defendants)**

43.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

44.     The unlawful prong of California Business and Professions Code §17200 prohibits any unlawful business practice.

45.     Each of Defendants' violations of 47 U.S.C. § 227 vis a vis Plaintiff as described herein all constitute separate and cumulative violations of unlawful prong of §17200.

46.     Plaintiff has and continues to incur damages that are actual and recognized by statute.

47.     Plaintiff is authorized to pursue a private right of action against Defendants under §17204.

48.     Plaintiff is also entitled to injunctive relief under this section.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually, and on behalf of the Class, prays for the following relief:

a.     An order certifying the Class as defined above, appointing Plaintiff as the representative of the Class and appointing his counsel as Class Counsel;

b.     An order declaring that Defendants' actions, as set out above, violate the TCPA;

c.     An order declaring that Defendants' actions, as set out above, violate the TCPA willfully and knowingly, and an award trebling statutory damages;

d.     An order declaring that Defendants' actions, as set out above, violate the 227(c) of the TCPA;

e.     An order declaring that Defendants' actions, as set out above, violate 47 CFR § 64.1200(d)(1);

f.  An order declaring that Defendants' actions, as set out above, violate 47 CFR § 64.1200(d)(2);

g.  An injunction requiring Defendants to cease all unlawful calls without first obtaining the call recipients' express consent to receive such calls, and otherwise protecting interests of the Class;

h.  An award of reasonable attorney's fees and costs pursuant to Cal. Civ. Proc. Code § 1021.5;

i.  Such other and further relief that the Court deems reasonable and just.

Dated: July 26, 2022                     Respectfully submitted,

                                   By:  /s/ Mark L. Javitch
                                        Mark L. Javitch (California SBN 323729)
                                        Javitch Law Office
                                        480 S. Ellsworth Ave
                                        San Mateo CA 94401
                                        Telephone: (650) 781-8000
                                        Facsimile: (650) 648-0705
                                        Email: mark@javitchlawoffice.com

                                        Attorney for Plaintiff SHANE SCOFIELD
                                        and the Putative Class

**(Case No. 3:22-cv-00224-DB)**

# EXHIBIT 4

Case 8:22-cv-01376-PDD-ADS Document 12 Filed 08/08/28 Page 92 of 121 Page ID #:130

# U.S. District Court [LIVE]
## Western District of Texas (El Paso)
## CIVIL DOCKET FOR CASE #: 3:22-cv-00224-DB

Salaiz v. Vercy L.L.C. et al                          Date Filed: 06/29/2022
Assigned to: Judge David Briones                     Jury Demand: Plaintiff
Demand: $88,000                                       Nature of Suit: 485 Telephone Consumer
Cause: 47:227 Restrictions of Use of Telephone Equipment    Protection Act (TCPA)
                                                      Jurisdiction: Federal Question

**Plaintiff**

**Erik Salaiz**                          represented by    **Erik Salaiz**
                                                           319 Valley Fair Way
                                                           El Paso, TX 79907
                                                           PRO SE

V.

**Defendant**

**Vercy L.L.C.**
*a California Limited Liability Company*

**Defendant**

**Nader Sepehr**

| Date Filed | # | Docket Text |
|---|---|---|
| 06/29/2022 | | If ordered by the court, all referrals will be assigned to Magistrate Judge SCHYDLOWER (lc3) (Entered: 06/30/2022) |
| 06/30/2022 | 1 | COMPLAINT (Filing fee $ 402.), filed by Erik Salaiz. (Attachments: # 1 Exhibit A, # 2 Civil Cover Sheet, # 3 Payment Receipt)(lc3) (Entered: 06/30/2022) |
| 06/30/2022 | 2 | Summons Issued as to Nader Sepehr, Vercy L.L.C.. (lc3) (Entered: 06/30/2022) |
| 08/03/2022 | 3 | SUMMONS Returned Executed by Erik Salaiz. Nader Sepehr served on 8/1/2022, answer due 8/22/2022. (lc3) (Entered: 08/03/2022) |
| 08/03/2022 | 4 | SUMMONS Returned Executed by Erik Salaiz. Vercy L.L.C. served on 8/1/2022, answer due 8/22/2022. (lc3) (Entered: 08/03/2022) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 08/04/2022 22:06:08 | | |
| **PACER Login:** | PhillipsLawCorporation | **Client Code:** |

| Description: | Docket Report | Search Criteria: | 3:22-cv-00224-DB |
|---|---|---|---|
| Billable Pages: | 1 | Cost: | 0.10 |



JUDGE DAVID BRIONES

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

FILED

2022 JUN 29 AM 8: 58

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

ERIK SALAIZ, §
§
Plaintiff, §
§
v. §
§
VERCY L.L.C., a California Limited Liability §
Company and NADER SEPEHR §
§
§
Defendants. §
§

# EP22CV0224

## PLAINTIFF'S ORIGINAL COMPLAINT

### PARTIES

1. Plaintiff ERIK SALAIZ ("Plaintiff") is a natural person and is a citizen of the Western District of Texas and was present in the Western District of Texas during all calls at issue in this case.

2. Defendant VERCY, L.L.C. ("Vercy") is a Limited Liability Company organized and existing under the laws of California with its principal address at 17748 Sky Park Circle Suite 200 Irvine, California 92614 and can be served via registered agent Nader Sepehr at 4533 Macarthur Boulevard, Suite 216 Newport Beach, CA 92660.

3. Defendant Nader Sepehr ("Sepehr") is a natural person, resident of California, Manager and owner of Vercy and can be served at 4533 Macarthur Boulevard, Suite 216 Newport Beach, California 92660.

4. Defendants Vercy and Sepehr are hereinafter collectively referred together as "Defendants".

1

## NATURE OF ACTION

5. Plaintiff brings this Complaint and Demand for Jury Trial against Defendants to stop placing illegal robo and unauthorized calls to Plaintiff's personal cell phone and to obtain redress as authorized by statute.

6. Defendants offer tax debt relief services to consumers. As part of marketing their services, Defendant Vercy and their agents placed illegal robocalls to Plaintiff's cell phone using an automatic telephone dialing system ("ATDS") and a prerecorded voice message.

7. Defendant Vercy makes unsolicited and unauthorized phone calls to thousands of consumers using prerecorded voice messages to sell their services.

8. Defendants did not obtain express written consent from Plaintiff prior to calling his cell phone, and Defendants are therefore liable under the Telephone Consumer Protection Act 47 U.S.C. § 227 (the "TCPA") and its implementing regulation, 47 C.F.R. § 64.1200(a)(2).

9. The TCPA targets illegal robocalls calls exactly like the ones alleged in this case, based on Defendant Vercy's use of technological equipment to spam consumers on a grand scale without their consent.

10. By placing the calls at issue, Defendants have violated the statutory rights and privacy of Plaintiff and caused him to suffer damages that are recognized by statute.

11. Plaintiff therefore seeks an injunction requiring Defendants to stop calling his personal cell phone, as well as an award of actual and statutory damages, civil penalties, costs and reasonable attorneys' fees.

## THE TELEPHONE CONSUMER PROTECTION ACT

## OF 1991, 47 U.S.C. § 227

12. In 1991, Congress enacted the TCPA to restrict the use of sophisticated telemarketing equipment that could target millions of consumers *en masse*. Congress found that these calls were not only a nuisance and an invasion of privacy to consumers specifically but were also a threat to interstate commerce generally. *See* S. Rep. No. 102-178, at 2-3 (1991), as reprinted in 1991 U.S.C.C.A.N. 1968, 1969-71.

13. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii).

14. The TCPA makes it unlawful "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes, is made solely pursuant to the collection of a debt owed to or guaranteed by the United States, or is exempted by rule or order" of the Federal Communication Commission ("FCC"). 47 U.S.C. § 227(b)(1)(B).

15. The TCPA provides a private cause of action to persons who receive calls in violation of § 227(b). 47 U.S.C. § 227(b)(3).

16. Separately, the TCPA bans making telemarketing calls without a do-not-call policy available upon demand. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(d)(1).[1]

---

[1] *See* Code of Federal Regulations, Title 47, Parts 40 to 60, at 425 (2017) (codifying a June 26, 2003 FCC order).

17. The TCPA provides a private cause of action to persons who receive calls in violation of § 227(c) or a regulation promulgated thereunder. 47 U.S.C. § 227(c)(5).

18. According to findings of the FCC, the agency vested by Congress with authority to issue regulations implementing the TCPA, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls and can be costly and inconvenient.

19. The FCC also recognizes that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 FCC Rcd. 14014, 14115 ¶ 165 (2003).

20. The FCC requires "prior express written consent" for all autodialed or prerecorded telemarketing robocalls to wireless numbers and residential lines. In particular:[A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received clear and conspicuous disclosure of the consequences of providing the requested consent, *i.e.*, that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates. In addition, the written agreement must be obtained without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.

21. *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 FCC Rcd. 1830, 1844 ¶ 33 (2012) (footnote and internal quotation marks omitted). FCC regulations "generally establish that the party on whose behalf a solicitation is made

bears ultimate responsibility for any violations." *In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995).

22. The FCC confirmed this principle in 2013, when it explained that "a seller …may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers." In the Matter of the Joint Petition Filed by Dish Network LLC, 28 FCC Rcd. 6574, 6574 ¶ 1 (2013).

23. Under the TCPA, a text message is a call. *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 951 – 52 (9th Cir. 2009).

24. A corporate officer involved in the telemarketing at issue may be personally liable under the TCPA. *E.g.*, *Jackson Five Star Catering, Inc. v. Beason*, Case No. 10-10010, 2013 U.S. Dist. LEXIS 159985, at *10 (E.D. Mich. Nov. 8, 2013) ("[M]any courts have held that corporate actors can be individually liable for violating the TCPA where they had direct, personal participation in or personally authorized the conduct found to have violated the statute." (internal quotation marks omitted)); *Maryland v. Universal Elections*, 787 F. Supp. 2d 408, 415 – 16 (D. Md. 2011) ("If an individual acting on behalf of a corporation could avoid individual liability, the TCPA would lose much of its force.").

## JURISDICTION AND VENUE

25. This Court has federal subject matter jurisdiction under 28 U.S.C. § 1331, as this case arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, which is a federal

statute.

26. This Court has supplemental subject matter jurisdiction over Plaintiff's claim arising under Texas Business and Commerce Code 305.053 because that claim arises from the same nucleus of operative fact, i.e., Defendants telemarketing robocalls to Plaintiff; adds little complexity to the case; and doesn't seek money damages, so it is unlikely to predominate over the TCPA claims.

27. This Court has personal jurisdiction over Defendants because they conduct business in this District and in the State of Texas and because the events giving rise to this lawsuit occurred in this District.

28. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because Defendants regularly conducts business in the state of Texas and in this District, and because the wrongful conduct giving rise to this case occurred in this District.

## **FACTUAL ALLEGATIONS**

29. Plaintiff's personal cell phone (915) 490-0898 has been successfully registered on the National-Do-Not-Call-Registry since August 2021.

30. Defendants have been sued on multiple occasions for violating the TCPA including a lawsuit Plaintiff previously filed against Defendants *Salaiz v. Vercy, L.L.C. et al* No. 3:22-cv-00008-KC (W.D.TX, Jan. 03, 2022).

31. Plaintiff and Defendants resolved their case and executed a settlement agreement on April 20, 2022, and Plaintiff advised Defendants counsel Brent Phillips ("Phillips") he did not need Defendants tax relief services and requested to never receive anymore more calls from Defendants.

6

32. Despite Plaintiff's request, Defendant Vercy's representatives have continued to make illegal robocalls to Plaintiff's personal cell phone at the control of Defendant Sepehr.

33. The phone calls alleged in this case that Plaintiff received from Defendants are all knowing and willful.

34. Defendant Vercy offers tax debt relief services to consumers who owe back taxes to the IRS.

35. Defendant Sepehr is the manager and owner of Vercy and controls and dominates Vercy.

36. Defendant Sepehr approves of the illegal robocalls with prerecorded voice messages soliciting Defendants services made to thousands of consumers cellular and residential phone numbers using an ATDS.

37. Defendant Sepehr provides instruction and guidance on who to solicit and the minimum qualifications of potential clients.

38. Defendant Sepehr has full control over Vercy and has the authority to stop the illegal robocalls however has refused to do so because it benefits defendants financially when consumers sign up for Defendant Vercy's services.

39. On April 21, 2022, Plaintiff received a call to his personal cell phone 0898 from a representative from Defendant Vercy named Ursula Jaquez that stated she was calling to follow and see if Plaintiff wanted to proceed with the tax investigation.

40. Plaintiff asked Ursula if this was Vercy tax and she confirmed it was. Plaintiff advised Ursula he would call them back if he wanted to proceed.

41. Ursula emailed Plaintiff her information. *See "Exhibit A"*.

42. On May 5, 2022, Plaintiff received a call to his personal cell phone 0898 from Ursula that stated she was calling to follow up.

43. Plaintiff advised Ursula he would call her back if he wanted to proceed.

44. Ursula emailed Plaintiff her information. *See "Exhibit B".*

45. On June 1, 2022, Plaintiff received a prerecorded ringless voicemail drop from

Defendants that stated,

"Hi this is Natalie calling from tax relief center we've been trying to reach you about your past due taxes that we show in our system just wanted to let you know we can help you get that back tax debt settled and also get you in compliance with any past due tax returns you may have you can reach me directly at (562) 452-6966 so if you give me a call back today we can do a free consultation and see if we can get you pre-qualified for one of our economic relief programs that way we can reduce or eliminate any tax debt so give me a call back and I really look forward to speaking with you and seeing what we can work out again my name is Natalie with tax relief center and you can reach me at (562) 452-6966."

46. The prerecorded message does not state Defendant Vercy's name.

47. On June 1, 2022, Plaintiff called back (562) 452-6966 for the sole purposes of identifying

the company responsible for the illegal robocall.

48. A representative from Defendant Vercy named Christian answered and stated he was

with tax support. Plaintiff advised Christian that he was returning a call that he received

from Natalie. Christian advised Plaintiff that Natalie was calling Plaintiff to see if he

owed any tax debt to the IRS.

49. Plaintiff advised Christian he owed back taxes for the sole purposes of identifying the

company responsible for the illegal robocall.

50. Christian then collected Plaintiff's personal and employment information.

51. Christian advised Plaintiff he was eligible for tax debt relief and solicited Plaintiff for tax

debt relief services on behalf of Defendants.

52. Christian emailed Plaintiff with a contract to sign and his contact information confirming

this was another robocall from Defendants. *"See Exhibit C."*

53. Plaintiff emailed Defendants counsel Brent Phillips to bphillips@phillipslawcorporation.com a few moments after speaking with Christian to advise him that the calls have continued. Till this day, Brent Phillips has never responded back to Plaintiff's email.

54. On June 9, 2022, Plaintiff received a call from Christian to follow up and see if Plaintiff still wanted to proceed with their program. Plaintiff advised Christian not at the moment and advised Christian, he would call them back if he was interested.

55. On June 15, 2022, Plaintiff received a call from Christian to follow up and see if Plaintiff still wanted to continue with their program. Plaintiff advised Christian he had already mentioned to hold off and advised Christian he would call them back if he was interested.

56. On June 23, 2022, Plaintiff received a call from Christian to follow up and advised Plaintiff that he understands he doesn't want to move forward with the program yet but is able to push back the tax investigation fee for Plaintiff.

57. Plaintiff advised Christian that he has his direct line and will call him if he wanted to proceed.

58. A few hours later on June 23, 2022, Plaintiff received another call from Defendants. Plaintiff answered and heard the following prerecorded voice message that stated,

   "Hi this is Jule from the tax relief center I have great news for you it looks like you may be a good candidate for the IRS fresh start program if you qualify you will pay a fraction of the cost to settle your debt let us help you get this taken care of before the program expires press one to get tax help."

59. The prerecorded message does not state Defendant Vercy's name.

60. Plaintiff pressed one for the sole purposes of identifying the company responsible for the illegal robocall.

61. Plaintiff was then transferred to a representative from Defendants named Jared.

62. Jared advised Plaintiff they were reaching out to see if he needed help with any back taxes he may owe to the IRS.

63. Plaintiff advised Jared he owed back taxes for the sole purpose of identifying the company responsible for the illegal robocall.

64. Jared then collected Plaintiff's personal and employment information.

65. Jared advised Plaintiff he went over the file with his case manager, and they determined Plaintiff was eligible for the fresh start program and solicited Plaintiff for tax debt relief services on behalf of Defendants.

66. Jared emailed Plaintiff with a service agreement and his contact information confirming this was another robocall from Defendants. *"See Exhibit D."*

67. A few hours later on June 23, 2022, Plaintiff received another call from Jared to follow up.

68. Plaintiff emailed Jared and advised him that he was not interested and to please stop calling. *"See Exhibit E."*

69. On June 24, 2022, Plaintiff received another call from Defendant Vercy. Plaintiff answered and heard the same prerecorded voice message from the day prior that stated,

"Hi this is Jule from the tax relief center I have great news for you it looks like you may be a good candidate for the IRS fresh start program if you qualify you will pay a fraction of the cost to settle your debt let us help you get this taken care of before the program expires press one to get tax help."

70. The prerecorded message does not state Defendant Vercy's name.

71. Plaintiff pressed one for the sole purposes of identifying the company responsible for the illegal robocall.

72. Plaintiff was then connected to a representative named Karen. Karen advised Plaintiff they were reaching out to see if he needed assistance with his tax debt.

73. Plaintiff advised Karen he spoke with one of their representatives yesterday Jared from
Vercy tax. Karen acknowledged it was Vercy.

74. Plaintiff never gave his prior express written consent to receive any illegal robocalls or
follow up calls from any of Defendant Vercy's representatives.

75. Plaintiff has never had any business relationship with Defendants.

76. Table below displays the phone calls Plaintiff received from Defendants:

| Number: | Date | Time | Caller ID | Notes |
|---|---|---|---|---|
| 1 | 04/21/2022 | 2:21 PM | 949-483-8498 | Direct call from Vercy rep Ursula Jaquez |
| 2 | 05/05/2022 | 11:15 AM | 949-483-8498 | Direct call from Vercy rep Ursula Jaquez |
| 3 | 05/26/2022 | 2:48 PM | 949-606-9251 | Direct call from Vercy. Missed Call |
| 4 | 06/01/2022 | 8:12 AM | 424-243-2597 | Ringless automated voice mail drop with call back number from Vercy. |
| 5 | 06/09/2022 | 11:26 AM | 949-404-4420 | Direct call from Vercy rep Christian Seebold |
| 6 | 06/15/2022 | 10:16 AM | 949-404-4420 | Direct call from Vercy rep Christian Seebold |
| 7 | 06/17/2022 | 11:54 AM | 949-404-4420 | Direct call from Vercy. Missed Call |
| 8 | 06/23/2022 | 11:29 AM | 949-404-4420 | Direct call from Vercy rep Christian Seebold |
| 9 | 06/23/2022 | 3:08 PM | 951-944-0490 | Robocall from Vercy spoke with rep Jared Orna |
| 10 | 06/23/2022 | 6:11 PM | 949-606-0871 | Direct call from Vercy rep Jared. Emailed him not interested. |
| 11 | 06/24/2022 | 10:40 AM | 619-830-2207 | Robocall from Vercy spoke with rep Karen |

77. Defendants employ outrageous, aggressive, and illegal sales techniques that violate
multiple federal laws and state consumer statutes.

78. None of the Defendants are registered pursuant to § 302.101 of the Texas Business &
Commerce Code to provide telephone solicitations. The

https://direct.sos.state.tx.us/telephonesearch.asp site ("Texas Registration Database") does not contain any of the Defendants registrations.

79. None of the Defendants qualify for an exemption under § 302.053.

80. The Defendants have never sent Mr. Salaiz any do-not-call policy. Plaintiff sent an internal do-not-call policy request to info@vercytax.com on December 27, 2021. *"See Exhibit F"*.

81. On information and belief, the Defendants did not have a written do-not-call policy while it was sending Mr. Salaiz the unsolicited calls.

82. On information and belief, the Defendants did not train its agents who engaged in telemarketing on the existence and use of any do-not-call list.

83. Defendant Sepehr participated in, facilitated, directed, authorized, knew of or willfully ignored the false and misleading sales practices and unlawful robocalling, while knowing facts that required a reasonable person to investigate further, and approved, and ratified the conduct of their employees, agents, and co-conspirators to engage in the false and misleading sales practices and unlawful robocalling.

84. Defendants have knowledge of and have adopted and maintained TCPA violations as a sales strategy. This is amply supported by the complaints Defendants receive that are available from the Better Business Bureau ("BBB"). The full scale of the complaints Defendants receive is not currently available to Plaintiff but will be revealed through discovery to amplify what is shown below.

85. Defendants refuse to take any action to stop or curtail the unlawful sales practices and robocalling because these practices benefit Defendants financially.

## **DEFENDANT SEPEHR IS PERSONALLY LIABLE**

86. Defendant Sepehr refuses to take any action to stop or curtail the unlawful sales practices
and robocalling because these practices benefit Defendant Sepehr financially when
consumers sign up for Defendant Vercy's tax relief services.

87. "If the officer directly participated in or authorized the statutory violation, even though
acting on behalf of the corporation, he may be personally liable. See *United States v
Pollution Serv. Of Oswego, Inc.*, 763 F.2d 133, 134-135 (2nd Cir.1985)

88. The "well-settled" tort rule provides that "when corporate officers directly participate in
or authorized the commission of a wrongful act, even if the act is done on behalf of the
corporation, they may be personally liable." *General Motos Acceptance Corp. v. Bates*,
954 F.2d 1081, 1085 (5th Cir. 1992). The Fifth Circuit has elaborated that "the thrust of
the general [tort] rule is that the officer to be held personally liable must have some
direct, personal participation in the tort, as where the defendant was the 'guiding spirit'
behind the wrongful conduct….or the 'central figure' in the challenged corporate
activity." *Mozingo v. Correct Mfg. Corp.*, 752 F.2d 168, 174 (5th Cirt. 1985) (Citing
*Escude Cruz v. Ortho Pharmaceutical Corp.*, 619 F. 2d 902, 907 (1st Cir.1980)) (Citing
*Texas v. American Blastfax, Inc.*, 164 F. Supp. 2d 892 (W.D. Tex. 2001)

89. Quoting Texas v. American Blastfax:

> The Court finds the above principles applicable to the TCPA that is, an officer may be
> personally liable under the TCPA if he had direct, personal participation in or
> personally authorized the conduct found to have violated the statute, and was not
> merely tangentially involved. Individuals who directly (and here, knowingly and
> willfully) violate the TCPA should not escape liability solely because they are
> corporate officers. As the State persuasive argues, to hold otherwise would allow the
> individual defendants to simply dissolve Blastfax, set-up a new shell corporation, and
> repeat their conduct. Congress surely did not intend to permit such a result in passing
> the TCPA.

To be clear, the Court finds Greg and Michael Horne were the "guiding spirits" an the "central figures" behind the TCPA violations. They were the two persons who controlled all of Blastfax's day-to-day operations. They both had direct, personal involvement in and ultimate control over every aspect of Blastfax's wrongful contuct that violate the TCPA, and/or directly controlled and authorized this conduct. And they did so with their eyes and pocketbooks wide open. After October 5, 2000, Greg and Michael Horne had good reason to believe they were running a business that violated the TCPA. On February 9, 2001, they knew they were. Yet they continued to direct their company to send unsolicited intrastate fax advertisements. This is fare more than a simple derivative liability case. Accordingly, the Court *899 holds defendants Greg and Michael Horne are jointly and severally liable with Defendant Blastfax, Inc., for all TCPA damages in this lawsuit." Texas v. American Blastfax, Inc., 164 F. Supp. 2d 892 (W.D. Tex. 2001)

90. The Same Court held that corporate officers were also personally liable for DTPA violations

The State contends Greg and Michael Horne are personally liable for any DTPA damages because they were solely responsible for the violating conduct.....For the same reasons discussed in finding the individual defendants personally liable under the TCPA, the Court agrees. See, e.g., *Barclay v. Johnson*, 686 S.W.2d 334, 336-37 (Tex. Civ. App.-Houston [1ST Dist.] 1985, no writ) (finding personal liability for corporate officer in DTPA misrepresentation claim, based on general rule that "a corporate agent knowingly participating in a tortious fraudulent act may be held individually liable, even though he performed the act as an agent for the corporation......Accordingly, the Court finds defendants American Blastfax, Inc., Greg Horne and Michael Horne are jointly and severally liable for $6,000 in damages for their violations of the DTPA." *Texas v. American Blastfax, Inc.*, 164 F. Supp. 2d 892 (W.D. Tex. 2001

91. At all times material to the Complaint, acting alone or in concert with others, Defendant Sepehr has formulated, directed, controlled, had the authority to control, or participated in the acts and practices of Defendant Vercy including the acts or practices set forth in this Complaint.

92. Defendant Sepehr is the principal director and operator of Defendant Vercy controls the day-to-day operations of Vercy and directed their employees, agents, salespersons, and

solicitors to make TCPA violating phone calls and to solicit tax relief services on behalf
of Vercy.

93. Defendant Sepehr approved the telemarketing scripts, signed the contracts, paid
commissions for the illegal behavior, and directed the illegal calls to be made for
Defendants financial benefit.

94. Defendant Sepehr knowingly and willfully ignores the law. Defendants continue to solicit
tax relief services via prerecorded voice messages. These violations are the direct result
of the instructions Defendant Sepehr has given to their agents, employees, solicitors,
salespersons, and others that carry out his schemes.

95. Defendant Sepehr is not merely a bystander and is the mastermind that scheme, planned,
directed, initiated, and controlled the illegal and fraudulent behavior.

96. Defendant Sepehr is well aware their conduct violated the TCPA and Tex. DPTA and
refused to alter their behavior. Defendant Sepehr is the sole director of Vercy and the
only person with the power to make the unlawful, fraudulent, and unethical behavior
stop. Yet, Sepehr has taken no steps to stop the behavior because the behavior benefits
Sepehr financially.

97. Defendants should be held jointly and severally liable for both the TCPA violations and
Tex. Bus. Com. Code 302.101 via the Tex. DTPA because they actually committed the
conduct that violated the TCPA and Tex. DTPA, and/or they actively oversaw and
directed this conduct.

98. Defendant Sepehr should be held liable because to do otherwise would simply allow
Sepehr to dissolve Vercy and set up a new corporation and repeat their conduct. This
would result in both the TCPA and DTPA being unenforceable.

## THE TEXAS BUISNESS AND COMMERCE CODE 305.053

99. The Texas Business and Commerce code has an analogous portion that is related to the TCPA and was violated in this case.

100. The Plaintiff may seek damages under this Texas law for violations of 47 USC 227 or subchapter A and seek $500 in statutory damages or $1500 for willful or knowing damages.

## VIOLATIONS OF THE TEXAS BUSINESS AND COMMERCE CODE § 302.101

101. The actions of the defendants violated the Texas Business and Commerce Code 302.101 by placing solicitation phone calls to a Texas resident without having registration certificate and bond on file with the Texas Secretary of State.

102. Texas Business and Commerce Code § 302.101 provides a private right of action. A violation of Chapter 302 "is a false, misleading, or deceptive act or practice under Subchapter E, Chapter 17" and is enforceable as such: "A public or private right or remedy prescribed by Subchapter E, Chapter 17, may be used to enforce [Chapter 302." Tex. Bus. & Com. Code § 302.303.

103. The use or employment by any person of a false, misleading, or deceptive act or practice" causes "economic damages or damages for mental anguish." Tex. Bus. & Com. Code § 17.50.

104. Texas Business and Commerce Code §302.101 states that a person (1) "may not make a telephone solicitation" (a) "from a location in [Texas]" or (b) "to a purchaser located in [Texas]," (2) "unless the [person] holds a registration certificate for the business location from which the telephone solicitation is made." Tex. Bus. & Com. Code § 302.101(a).

105. Under Texas Business and Commerce Code § 302.302 Plaintiff is entitled to seek damages of up to $5000 per violation of §302.101.

## INJURY, HARM, DAMAGES, AND ACTUAL DAMAGES
## AS A RESULT OF THE CALLS

106. Plaintiff has been denied the use of his phone, enjoyment of his phone, and had the functionality of his phone decreased because of unnecessary charging, erosion of phone memory, and had his privacy invaded by the harassing robocalls.

107. Defendants' calls harmed the Plaintiff by causing the very harm that Congress sought to prevent a "nuisance and invasion of privacy."

108. Plaintiff has been annoyed, harassed, and irritated by robocalls placed by and/or on behalf of the Defendants.

109. Defendants' calls harmed the Plaintiff by trespassing upon and interfering with Plaintiff's rights and interests in Plaintiff's cellular telephone by placing unwanted telemarketing calls to the Plaintiff.

## THE PLAINTIFF'S CELL PHONE IS A RESIDENTIAL NUMBER

110. The calls were to the Plaintiff's cellular phone (915) 490-0898, which is the Plaintiff's personal cell phone that he uses for personal, family, and household use. The Plaintiff maintains no landline phones at his residence and has not done so for at least 10 years and primarily relies on cellular phones to communicate with friends and family. The Plaintiff also uses his cell phone for navigation purposes, sending and receiving emails, timing food when cooking, and sending and receiving text messages. The Plaintiff further has his cell phone registered in his personal name, pays the cell phone from his personal accounts.

## CAUSES OF ACTION:

### COUNT ONE:
**Violations of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), by Automated Telemarketing Without Prior Express Written Consent**

111. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

17

112. Defendants and/or their affiliates or agents violated the TCPA, 47 U.S.C. §
227(b)(1)(A)(iii), at least eleven (11) times by placing non-emergency telemarketing calls to
Plaintiff's cellular telephone number using an automatic telephone dialing system and/or a
prerecorded voice without his prior express written consent.

113. Plaintiff was statutorily damaged at least eleven (11) times under 47 U.S.C. §
227(b)(3)(B) by Defendants by the telephone calls described above, in the amount of $500.00 per
call.

114. Plaintiff was further statutorily damaged because Defendants willfully or knowingly
violated this subsection of the TCPA. Plaintiff requests that the court treble the damage amount
to $1,500.00 as permitted under U.S.C. § 227(b)(3)(C) for each and every willful and/or knowing
violation.

115. Plaintiff is also entitled to and does seek an injunction prohibiting Defendants and their
affiliates and agents from violating the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), by placing non-
emergency telemarketing calls to any cellular telephone number using an ATDS and/or artificial
or prerecorded voice without prior express written consent.

### COUNT TWO:
**(Violation of the TCPA "Sales Call/DNC" Prohibition, 47 U.S.C. 227(c), and 47 C.F.R. §
64.1200(C))**

116. Plaintiff realleges and incorporates by reference each and every allegation set forth in the
preceding paragraphs.

117. Defendants called Plaintiff's private residential telephone number which was successfully
registered on the National Do-Not-Call Registry more than thirty-one (31) days prior to the calls
for the purposes of commercial solicitation, in violation of 47 U.S.C. § 227(c)(3)(F), and 47
C.F.R. § 64.1200(c)(2).

118.    Plaintiff was statutorily damaged at least eleven (11) times under 47 U.S.C. §

227(c)(3)(F) by the Defendants by the telemarketing calls described above, in the amount of

$500.00 per call.

119.    Plaintiff was further statutorily damaged because Defendants willfully and/ or knowingly

violated this subsection of the TCPA. Plaintiff requests that the court treble the damage amount

as permitted under U.S.C. § 227(c)(5) for each and every willful and/or knowing violation.

120.    Plaintiff is entitled to an award up to $1,500 in damages for each knowing or willful

violation of 47 U.S.C. § 227(c)(3)(F).

**COUNT THREE:**
**Telemarketing Without Mandated Safeguards, 47 C.F.R. § 64.1200(d)**
**(Against All Defendants)**

121.    Plaintiff incorporates the forgoing allegations as if fully set forth herein.

122.    The foregoing acts and omissions of Defendants and/or their affiliates or agents constitute

multiple violations of FCC regulations by making telemarketing solicitations despite lacking the

following:

   a.   A written policy, available upon demand, for maintaining a do-not-call list, in
        violation of 47 C.F.R. § 64.1200(d)(1)[2];

   b.   Training for the individuals involved in the telemarketing on the existence of and
        use of a do-not-call list, in violation of 47 C.F.R. § 64.1200(d)(2)[3]; and,

   c.   In the solicitations, the name of the individual caller and the name of the person or
        entity on whose behalf the call is being made, in violation of 47 C.F.R. §
        64.1200(d)(4).[4]

---

[2] *See id.* at 425 (codifying a June 26, 2003 FCC order).
[3] *See id.* at 425 (codifying a June 26, 2003 FCC order).
[4] *See id.* at 425 (codifying a June 26, 2003 FCC order

123.    Plaintiff is entitled to an award of at least $500 in damages for each such violation. 47

U.S.C. § 227(c)(5)(B).

124.    Plaintiff is entitled to an award of up to $1,500 in damages for each such knowing or

willful violation. 47 U.S.C. § 227(c)(5).

## COUNT FOUR:
### Violations of The Texas Business and Commerce Code 305.053

125.    Plaintiff incorporates the foregoing allegations as if set forth herein.

126.    The foregoing acts and omissions of Defendants and/or their affiliates or agents constitute

multiple violations of the Texas Business and Commerce Code 305.053, by making non-

emergency telemarketing robocalls to Plaintiff's cellular telephone number without his prior

express written consent in violation of 47 U.S.C. § 227 et seq. The Defendants violated 47

U.S.C. § 227(d) and 47 U.S.C. § 227(d)(3) and 47 U.S.C. § 227(e) by using an ATDS that does

not comply with the technical and procedural standards under this subsection.

127.    Plaintiff is entitled to an award of at least $500 in damages for each such violation. Texas

Business and Commerce Code 305.053(b).

128.    Plaintiff is entitled to an award of up to $1,500 in damages for each such knowing or

willful violation. Texas Business and Commerce Code 305.053(c).

## COUNT FIVE:
### (Violations of The Texas Business and Commerce Code 302.101)

129.    Plaintiff incorporates the foregoing allegations as if set forth herein. by reference each

and every allegation set forth in the preceding paragraphs.

130.    The foregoing acts and omissions of Defendants and/or their affiliates or agents constitute

multiple violations of the Texas Business and Commerce Code 302.101, by making non-

registered solicitation calls to Plaintiff's cellular telephone number without his prior express

written consent.

131.    Plaintiff is entitled to an award of up to $5,000 in damages for each such knowing or

willful violation. Texas Business and Commerce Code 302.302.


## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Erik Salaiz prays for judgment against the defendants jointly

and severally as follows:

A.    Leave to amend this Complaint to name additional DOESs as they are identified

and to conform to the evidence presented at trial;

B.    A declaration that actions complained of herein by Defendants violate the TCPA

and Texas state law;

C.    An injunction enjoining Defendants and their affiliates and agents from engaging

in the unlawful conduct set forth herein;

D.    An award of $3000 per call in statutory damages arising from the TCPA

intentional violations jointly and severally against the corporation and individual for eleven calls.

E.    An award of $1,500 in statutory damages arising from violations of the Texas

Business and Commerce code 305.053

F.    An award of $5,000 in statutory damages arising from violations of the Texas

Business and Commerce code 302.101.

G.    An award to Mr. Salaiz of damages, as allowed by law under the TCPA;

H.    An award to Mr. Salaiz of interest, costs and attorneys' fees, as allowed by law

and equity

I.    Such further relief as the Court deems necessary, just, and proper.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

June 29, 2022,                              Respectfully Submitted,

Erik Salaiz
Plaintiff, Pro Se
319 Valley Fair Way
El Paso, Texas 79907
915-490-0898
Salaiz.ep@gmail.com

Case 8:22-Cv-01176-FMO-ADS  Document 12-7 Filed 04/30/22  Page 1 of 1  Page ID
Case 3:22-cv-00224-DB  Document 1-1  Filed 06/30/2a  Page 1 of 6
#:154
6/24/22, 6:13 PM                                                    Gmail - follow up

 Gmail                                      Erik Salaiz <salaiz.ep@gmail.com>

---

## follow up

**Ursula Jaquez <ursula@vercytax.com>**                        Thu, Apr 21, 2022 at 2:30 PM
To: salaiz.ep@gmail.com

Hi Erik, we just spoke on the phone about your tax situation. Please call me back on my direct number.right under my job description. I'm in the office Monday through Friday from 8am-5pm, talk soon.

--

Regards,

**Ursula Jaquez**
Junior Settlement Officer
Direct: (949)-483-8498
Office: (949) 326-5023 x8877
Fax: (949) 483-8498
Email: ursula@vercytax.com
Website: www.vercytax.com
Office Hours: 8-5 PST



*This email and any files transmitted with it are confidential and intended solely for the use of the individual or entity to whom they are addressed. If you have received this email in error, please notify the system manager. This message contains confidential information and is intended only for the individual named. If you are not the named addressee, you should not disseminate, distribute or copy this email. Please notify the sender immediately by email if you have received this email by mistake and delete this email from your system. If you are not the intended recipient, you are notified that disclosing, copying, distributing or taking any action in reliance on the contents of this information is strictly prohibited.*

"Exhibit A"

 Gmail

Erik Salaiz <salaiz.ep@gmail.com>

---

## follow up

**Ursula Jaquez** <ursula@vercytax.com>
To: salaiz.ep@gmail.com

Thu, May 5, 2022 at 11:21 AM

---

you can reach me on my direct line, thank you!

--

Regards,

**Ursula Jaquez**
Junior Settlement Officer
Direct: (949)-483-8498
Office: (949) 326-5023 x8877
Fax: (949) 483-8498
Email: ursula@vercytax.com
Website: www.vercytax.com
Office Hours: 8-5 PST



*This email and any files transmitted with it are confidential and intended solely for the use of the individual or entity to whom they are addressed. If you have received this email in error, please notify the system manager. This message contains confidential information and is intended only for the individual named. If you are not the named addressee, you should not disseminate, distribute or copy this email. Please notify the sender immediately by email if you have received this email by mistake and delete this email from your system. If you are not the intended recipient, you are notified that disclosing, copying, distributing or taking any action in reliance on the contents of this information is strictly prohibited.*

"Exhibit B"

Gmail - Do Not Reply - Vercy Tax

 **Gmail**

Erik Salaiz <salaiz.ep@gmail.com>

---

## Do Not Reply - Vercy Tax

---

**christian@vercytax.com** <vercytax.postman@postman.io>          Wed, Jun 1, 2022 at 11:26 AM
Reply-To: christian@vercytax.com
To: salaiz.ep@gmail.com

Christian Seebold sent you a document to review and sign

Review & Sign

Regards,

**Christian Seebold**
**Junior Settlement Officer**
Direct: (949) 404-4420
Office: (949) 326-5023 x8843
Fax: (949) 404-4420
Email:  christian@vercytax.com
Website:  www.vercytax.com
Office Hours: 8-5 PST



*This email and any files transmitted with it are confidential and intended solely for the use of*
*the individual or entity to whom they are addressed. If you have received this email in error,*
*please notify the system manager. This message contains confidential information and is*
*intended only for the individual named. If you are not the named addressee, you should not*
*disseminate, distribute or copy this email. Please notify the sender immediately by email if you*
*have received this email by mistake and delete this email from your system. If you are not the*
*intended recipient, you are notified that disclosing, copying, distributing or taking any action*
*in reliance on the contents of this information is strictly prohibited.*

"Exhibit C"

Gmail - It was a pleasure speaking with You

 **Gmail**

Erik Salaiz <salaiz.ep@gmail.com>

---

## It was a pleasure speaking with You

---

**Jared Orna** <vercytax.postman@postman.io>
Reply-To: Jared Orna <jared.orna@vercytax.com>
To: salaiz.ep@gmail.com

Thu, Jun 23, 2022 at 3:33 PM

Hello Erik,

It was a pleasure speaking with you today.

When you hire VercyTax , here are the usual steps in your tax resolution:

1. We will perform a Tax Investigation in order to review and analyze your tax history for the past 10 years to determine what you owe and why.

2. We will file a Protection Hold to prevent any IRS collection actions being taken against you.

3. Then we will negotiate with the IRS so that you receive the best possible outcome. The resolution will include Penalty

Abatement (to remove all or most of any penalties) and either an Installment Agreement based on the true amount owed

or an Offer in Compromise to pay off your debt for considerably less than you owe. To aid you in your due diligence, our website link is listed below

http://www.vercytax.com

Thank you for taking the time to speak with us, and I will call you back soon.

--
Regards,

**Jared Orna**
**Junior Settlement Officer**
Direct: (949) 259-6855
Office: (949) 326-5023 x8912
Fax: (949) 259-6855
Email: jared.orna@vercytax.com
Website: www.vercytax.com
Office Hours: 8-5 PST

"Exhibit D"

 Gmail

Erik Salaiz <salaiz.ep@gmail.com>

---

## Vercy Tax - Re: Follow up

---

**Erik Salaiz** <salaiz.ep@gmail.com>
To: Jared Orna <jared.orna@vercytax.com>

Thu, Jun 23, 2022 at 6:37 PM

I'm not interested please stop calling.

Sincerely,
Erik

[Quoted text hidden]

"Exhibit E"

 Gmail

**Erik Salaiz <salaiz.ep@gmail.com>**

---

## DNC Policy Request

---

**Erik Salaiz <salaiz.ep@gmail.com>**
To: info@vercytax.com

Mon, Dec 27, 2021 at 12:08 PM

Good Afternoon,
Please send me a copy of your internal Do-Not-Call Policy. Thank You.

"Exhibit F"