1  Mark L. Javitch (CA SBN 323729)
   mark@javitchlawoffice.com
2  JAVITCH LAW OFFICE
3  3 East 3rd Ave. Ste. 200
   San Mateo, CA 94401
4  Telephone: (650) 781-8000
5  Facsimile: (650) 648-0705

6  *Attorney for Plaintiff*

7  [Additional Counsel on Signature Page]
8

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANE SCOFIELD,<br><br>                Plaintiff,<br><br>v.<br><br>VERCY L.L.C,<br><br>                Defendants. | Case No.:  8:22-cv-01376-DOC-ADS<br><br>**NOTICE OF MOTION AND MOTION TO ENFORCE SETTLEMENT AGREEMENT**<br><br>**Hearing Date: March 20, 2023<br>Time: 8:30 a.m.** |

# NOTICE OF MOTION AND
# MOTION TO ENFORCE SETTLEMENT AGREEMENT

PLAINTIFF HEREBY PROVIDES NOTICE that on March 20, 2023, at 8:30 a.m., or as soon thereafter as the matter may be heard before the Honorable David O. Carter, in Courtroom 10A, on the 10th Floor of the Ronald Reagan Federal Building and United States Courthouse, at 411 W. Fourth St., Santa Ana, California, Plaintiff Shane Scofield will and hereby does move the Court to enforce the settlement agreement on Defendant VERCY, L.L.C. ("Vercy").

The Motion will be based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, and the Declaration of Mark L. Javitch ("Javitch Decl.")

Pursuant to L.R. 7-3, Plaintiff's counsel states that this motion is made following four unsuccessful attempts at communication since February 10, 2023. Javitch Decl., ¶ 7.

Date: February 16, 2023         Respectfully submitted,

                                By: /s/ Mark L. Javitch

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Defendant Vercy Marketing LLC ("Vercy") breached the terms of the oral settlement agreement ("Settlement Agreement") that Vercy executed with Plaintiff Shane Scofield ("Scofield, or collectively, "Parties"), thereby forcing Scofield to seek relief from the Court in enforcing it. In the Settlement Agreement, Vercy agreed to pay Scofield $10,000 within one month payment to settle his claims against Vercy on an individual basis. Vercy failed to timely pay, and despite several extensions, has left counsels correspondence gone unanswered on how the Agreement will be consummated.

Because of Vercy's refusal to comply with the terms of the Settlement Agreement, Plaintiff respectfully requests that the Court enforce the September 9, 2022 oral agreement supported by the Javitch Declaration by entering Judgment against Defendant in the amount of $10,000, pursuant to the Settlement Agreement.

### II. STATEMENT OF FACTS AND PROCEDURAL HISTORY

Scofield identified Vercy as a party placing illegal robocalls to him. On July 26, 2022, Plaintiff filed a Complaint alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"), against Defendants. (Dkt. 1). On September 9, 2022, the Parties notified the Court that this case had settled. ("Settlement"). The Parties stipulated to extend the time for the Court to retain supervision while the Parties complete the terms and conditions of the Settlement Agreement and file dispositive paperwork by February 16, 2023. *See* Dkt. 24.

Under the Settlement Agreement, Vercy was to pay Scofield $10,000 within 30 days of September 9, 2022. Javitch Decl., ¶¶ 3-4. Despite several extensions, Vercy failed to timely pay and still owes Plaintiff the entire payment. *Id*. at ¶¶ 5, 8. Plaintiff was willing to extend the deadline four times. But, as of the date of this filing, Vercy has not made any efforts to contact Plaintiff to arrange a payment schedule or otherwise respond to his requests for an update on payment. *Id*. at ¶ 6.

## III. LEGAL STANDARD

It is "well settled that a district court has the equitable power to enforce summarily an agreement to settle a case pending before it." *Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987) (citations omitted); *TNT Mktg. Inc. v. Agresti*, 796 F.2d 276, 278 (9th Cir. 1986); *City Equities Anaheim, Ltd. v. Lincoln Plaza Dev. Co.*, 22 F.3d 954, 957 (9th Cir. 1994) (describing court's "power to summarily enforce on motion a settlement agreement entered into by the litigants in which the litigation is pending before it") (internal quotation marks omitted); *id.* at 958 ("A motion to enforce settlement is akin to a motion for summary judgment.").

"The interpretation of a settlement agreement is governed by principles of state contract law." *Botefur v. City of Eagle Point, Or.*, 7 F.3d 152, 156 (9th Cir. 1993). As such, "a motion to enforce the settlement agreement essentially is an action to specifically enforce a contract." *Adams v. Johns-Manville Corp.*, 876 F.2d 702, 709 (9th Cir. 1989). "[T]he district court may enforce only complete settlement agreements." *Callie*, 829 F.2d at 890; *Maynard v. City of San Jose*, 37 F.3d 1396, 1401 (9th Cir. 1994) (same). Specific enforcement is appropriate where the "[contract] terms are sufficiently certain to make the precise act which is to be done clearly ascertainable[.]" *Weddington Prods., Inc. v. Flick*, 60 Cal.App.4th 793, 816 (1998) (internal citation omitted).

## IV. THE COURT SHOULD ENFORCE THE SETTLEMENT AGREEMENT

### A. The Parties Entered Into An Enforceable Agreement

"A district court may retain jurisdiction to enforce a settlement agreement entered into by parties to an action after the action has been dismissed." *Hagestad v. Tragesser*, 49 F.3d 1430, 1433 (9th Cir. 1995). This Court has jurisdiction to enforce a settlement agreement "if the district court explicitly retains jurisdiction over the settlement agreement." *Arata v. Nu Skin Intern., Inc.*, 96 F.3d 1265, 1268-69 (9th Cir. 1996) (district court had subject matter jurisdiction at the time that the defendant filed her motion to enforce the settlement agreement because it reserved "continuing and

exclusive jurisdiction" over the case); *see also Hill v. Kaiser Found. Health Plan*, No. 3:10-cv-02833-LB, 2015 U.S. Dist. LEXIS 117218, 2015 WL 5138561, at *17-18 (N.D. Cal. Sep. 1, 2015) ("Parties who wish to retain the court's jurisdiction to enforce their settlement agreement must . . . have the court retain jurisdiction expressly[.]").

Here, the Court may enforce the Settlement Agreement because it appears that the order for Court to retain jurisdiction over this case for that purpose is in its September 9, 2022 Order. *See* Dkt. 17. Accordingly, the Court has jurisdiction to enforce the Settlement Agreement. *See Kaiser Found. Health Plan*, 2015 U.S. Dist. LEXIS 117218, 2015 WL 5138561, at *17-18.

### B. The Court Should Enforce the Settlement Agreement

#### 1. Applicable Law

"A settlement agreement is treated as a contract and a party may file a motion to enforce a settlement agreement to obtain an order for damages or specific performance." *Tiger Bay Vill. Corp. v. Yihe Corp.*, No. 13-cv-8837-RSWL, 2014 U.S. Dist. LEXIS 100607, 2014 WL 3662259 at *5 (C.D. Cal. July 18, 2014). Federal and state law agree that Plaintiff may enforce the Settlement Agreement. *See Bd. of Trs. v. Valley Util. Servs., Inc.*, No. C-13-0271 EMC, 2013 U.S. Dist. LEXIS 155149, 2013 WL 5817722, at *10-11 (N.D. Cal. Oct. 29, 2013).

A "district court retaining jurisdiction to enforce a settlement agreement has the power to summarily enforce the agreement if the parties do not dispute the contract's material terms or its binding nature on the parties." *Tiger Bay*, 2014 U.S. Dist. LEXIS 100607, 2014 WL 3662259 at *6. "To be enforced, a settlement must . . . meet two specific requirements: (1) it must be a complete agreement; and (2) the settling parties must have either agreed to the terms of the settlement or authorized their respective counsel to settle the dispute." *Kaiser Found. Health Plan*, 2015 U.S. Dist. LEXIS 117218, 2015 WL 5138561, at *6.

#### 2. The Terms are Complete and Scofield Complied with the Settlement Agreement

Although an oral agreement, the terms are sufficiently complete. The terms are $10,000 to be paid within 30 days. Javitch Decl., ¶ 4. There is no doubt that Scofield materially complied with his obligations under the Settlement Agreement. After making the agreement, Scofield and Vercy informed the Court of the Settlement. In reliance on the Parties' representation of settlement, the Court stayed the action and removed the case from its active caseload.

### 3. Vercy Breached the Settlement Agreement

Defendant failed to comply with the terms by failing to make any payment. Javitch Decl., ¶¶ 4-5. Thus, there can be no dispute that Defendant breached the Settlement Agreement. As such, Plaintiff is entitled to have Judgment entered against Defendant in the amount of $10,000.

## V. CONCLUSION

For the reasons stated above, Plaintiff respectfully requests that the Court grant the instant Motion, enter Judgment in favor of Plaintiff and against Defendant in the amount of $10,000.

Dated: February 16, 2023        Respectfully submitted

By: /s/ Mark L. Javitch
Mark L. Javitch (SBN 323729)
Javitch Law Office
3 East 3rd Ave. Ste. 200
San Mateo, CA 94401
Telephone: (650) 781-8000
Facsimile: (650) 648-0705
Email: mark@javitchlawoffice.com

**CERTIFICATE OF SERVICE**

Filed electronically on this February 16, 2023, with the United States District Court for the Central District of California CM/ECF system.

Notification was, therefore, automatically sent through the CM/ECF system to Counsel of record for Defendant.

By: /s/ Mark L. Javitch